No. 34,653

THE FEDERAL LAND BANK OF WICHITA, *Plaintiff*, v. FRANK F. GIRTCH et al. and THE FEDERAL FARM MORTGAGE CORPORATION, *Appellee;* GEORGE D. RATHBUN, *Appellant.*

(99 P. 2d 768)

Opinion filed March 9, 1940.

*George D. Rathbun,* of Manhattan, *pro se.*

*Walter E. Hembrow,* of Council Grove, *W. E. Pepperell, Conrad L. Ball, J. P. Flinn, Edward H. Jamison* and *Donald I. Mitchell,* all of Wichita, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was a real-estate mortgage foreclosure action. Neither the plaintiff, holder of the first mortgage, nor the mortgagors, are involved in this appeal. The controversy is between a defendant, a subsequent owner of the land, and the holder of the second mortgage. The latter, on its cross petition, obtained a personal money judgment against the defendant, Geo. D. Rathbun, upon a written extension agreement. Only that defendant appeals.

A brief narrative of events may be helpful. The foreclosure action was instituted by the Federal Land Bank of Wichita, the holder of the first mortgage. In 1924 Frank F. Girtch and his wife obtained a loan of $5,200 from the plaintiff, and gave as security therefor an amortization note, secured by a first amortization mortgage on 160 acres of land in Morris county. In 1933 they obtained a loan of $1,700 from the Land Bank commissioner, acting pursuant to an act of congress, and gave their note therefor. That note was secured by a second mortgage upon the same real estate. Subsequently, and on August 20, 1935, the title to the land was conveyed by Girtch and wife by warranty deed to the appellant, Geo. D. Rathbun. The deed recited it was made subject to the first and second mortgages, but it did not provide for an assumption of the mortgages by Rathbun. On December 15, 1936, Rathbun made written application to the bank as the agent of the Federal Farm Mortgage Corporation, which latter corporation was, by an act of congress, the owner and holder of the second note and mortgage taken in the name of the Land Bank commissioner, for an extension to August 1, 1937, of the time within which to pay all installments, advancements and accumulated interest "which may be past due and owing to the Federal Farm Mortgage Corporation upon the date of the granting of the extension." The application for extension, recommendation and acceptance read:

"Amount of Loan, $1,700.

"George D. Rathbun P. O., Manhattan, Kan.
"Owner's Full Name           Town           State
*"To The Federal Farm Mortgage Corporation and The Federal Land Bank of Wichita, as Its Agent:*

"The undersigned, owner of the land securing the above-numbered loan, hereby applies for an extension, to August 1, 1937, of the time for payment of

all installments, advancements and accumulated interest which may be past due and owing to the Federal Farm Mortgage Corporation upon the date of the granting of this extension by the corporation as shown by the records of the bank. It is understood and agreed that this extension shall be effective as of the date of its granting by the corporation; that the granting of such extension shall not operate to modify the provisions of the note(s) and mortgage(s) securing this loan, except as herein expressly provided, nor the rights or liabilities of any of the parties thereto or third parties liable for the payment thereof; and that the rights of all such parties with respect to each other and with respect to said note(s) and mortgage(s) and the indebtedness are hereby expressly reserved. It is also understood and agreed that in the event of failure to comply with the covenants, conditions and provisions of said note(s) and mortgage(s) the corporation may, at its option, declare all items extended hereunder, with interest, immediately due and payable. In consideration of the granting of this extension, the undersigned hereby agrees to pay, at the maturity of such extension, all of the items extended hereunder, with interest thereon as provided by the emergency farm mortgage act of 1933, as amended, and the rules and regulations of the Farm Credit Administration; to pay the balance of the indebtedness evidenced and secured by said note(s) and mortgage(s) at the times and in the manner therein provided; and to observe and perform, or cause to be performed, each and all of the other covenants, conditions and provisions of said note(s) and mortgages(s).

"Witness: FRED W. SCHRADER.      GEO. D. RATHBUN, *Owner.*
"December 15, 1936.

"RECOMMENDATION

"Pursuant to the action of its board of directors, the granting of the extension above applied for is hereby recommended.

"The Morris County National Farm Loan Association,
Attest:      By WALTER INGAIRE, *President.*
"J. C. RICHARDS, *Secretary-Treasurer.*

"AGREEMENT

*"Subject to the terms and conditions expressed in the foregoing application,* the Federal Farm Mortgage Corporation hereby grants the extension applied for therein, on this 4th day of January, 1937.

FEDERAL FARM MORTGAGE CORPORATION,
By THE FEDERAL LAND BANK OF WICHITA,
Its Agent,
By F. D. LANCE, State Supervisor,
· (Italics ours.)      Loan Servicing Division."

In 1939 each of the loans having again been permitted to become delinquent, the bank instituted a foreclosure action. The Federal Farm Mortgage Corporation was made a party defendant and filed its answer and cross petition to foreclose its second mortgage. Its note, mortgage, application for extension and its acceptance thereof were made a part of its cross petition. All defendants except Geo.

D. Rathbun defaulted. Rathbun filed separate unverified answers to the petition and cross petition. The Federal Farm Mortgage Corporation filed a motion for judgment upon the pleadings, and specifically directed the attention of the court and appellant—the appellant being an attorney who represented himself—to the fact that it was entitled to judgment upon the pleadings for the reason the answer of Rathbun was not verified, as required by G. S. 1935, 60-729. Rathbun asked and was granted leave to verify his answer, and the motion was overruled. He did not verify his answer by affidavit, as required by the statute, but had the clerk of the court attach to his answer the following:

"State of Kansas, County of Morris, ss.

"The above answer was sworn to by defendant, May 13, 1939.

"(Seal)   W. T. WILLIAMS, *Clerk of the Court."*

The pertinent portion of G. S. 1935, 60-729, provides:

"In all actions, allegations of the execution of written instruments and endorsements thereon . . . shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney. In all actions founded on written instruments for the unconditional payment of money . . . the answer shall be verified by the defendant, his agent or attorney."

Obviously appellant had not complied with the statute. The cross petitioner later filed its reply. During the course of the trial the court, after examining the pleadings, repeatedly warned appellant his answer put nothing in issue. Appellant now concedes he heard the trial court say "there was nothing put in issue," but he contends appellee waived the lack of verification by filing a reply. The court found no issues were joined by appellant's answer, and that appellee was entitled to a personal judgment against Rathbun as alleged in appellee's cross petition. In view of the final conclusion we are obliged to reach in any event, we prefer to rest our decision upon the effect of the extension agreement.

Appellant does not deny he sought an extension agreement nor that he signed the application for an extension. He contends the extension agreement is involved, ambiguous, meaningless, and does not assume the mortgage debt. We shall not take time to discuss the various contentions touching the alleged ambiguity of the application for extension. Analysis of those contentions reveals they are all predicated upon highly technical rules of grammatical construction and punctuation and not upon the fact appellant made no

application for an extension or that no extension was granted. That an extension was obtained cannot be denied. Nor can it be successfully denied the extension was granted by reason of appellant's application and the acceptance thereof by appellee. Had appellee brought an action to foreclose its second mortgage prior to the expiration of the extension agreement, we anticipate appellant would not be insisting the agreement for extension was ambiguous and meaningless. It is also obvious that under such circumstances appellant would have been entitled to receive protection against such immature action.

The primary rule in construction of contracts is never that of punctuation alone, but rather that of intention as disclosed by the instrument as a whole. The intention may be best ascertained by considering not only punctuation, or by resorting to literal interpretation, but by considering all language employed, circumstances existing when the agreement was made, the object sought to be attained and other circumstances, if any, which tend to clarify the real intension of the parties. (*Berg v. Scully*, 120 Kan. 637, 245 Pac. 119.) So construing the application and its acceptance, we have no difficulty in determining the intent of the parties. They obviously intended that "in consideration of the granting of this extension," the undersigned agreed to pay, at the maturity of such extensions, all items extended, with interest thereon, etc.

Appellant contends there was no consideration for the extension agreement. The contention is untenable. By the granting of the extension appellee parted with the legal right to foreclose its mortgage at a prior date under the provisions of the mortgage contract. That was ample consideration.

Appellant finally contends the extension agreement is void because unconscionable and usurious. The record does not sustain the contention.

The judgment is affirmed.