No. 80-51994-S

STATE OF KANSAS, *Appellee,* v. GEORGE JOE TATE, *Appellant.*

(620 P.2d 326)

Opinion filed December 6, 1980.

*Jonathan Melvin,* of Schmidt, O'Sullivan & Langley, of Hutchinson, argued the cause and was on the brief for appellant.

*Timothy J. Chambers,* assistant county attorney, argued the cause and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by George Joe Tate from a conviction by a jury of one count of aggravated anal sodomy. (K.S.A. 21-3506.) The sole question on appeal is whether the trial court committed error in consolidating Tate's trial with the trial of Gary L. Kepka, who was charged and convicted of one count of aggravated anal sodomy and one count of oral sodomy involving the same victim. Kepka has also appealed his convictions. (*State v. Kepka,* # 52,159, this day decided in an unpublished opinion.)

The facts of the case are basically not in dispute. On June 13, 1979, there were seven men in cell two of the Reno County jail. Five of the seven were involved in a mock trial to determine if the victim, Jack Jones, was a homosexual. After finding him "guilty" and as a penalty for this determination, Jones was forced to submit to anal intercourse with Kepka and appellant Tate. A third inmate, Urban, approached Jones but did not engage him in sodomy. Before the acts of sodomy occurred, the victim was apparently beaten by the three inmates for approximately ten or fifteen minutes. The victim testified Tate was the first to commit anal sodomy, followed by Kepka. Shortly thereafter Kepka forced Jones to perform oral sodomy in the shower. Jones testified that all of these acts were done against his will.

Appellant contends that it was error to consolidate his trial with that of Kepka over the objections of both defendants. K.S.A. 1979 Supp. 22-3202(3) reads as follows:

"(3) Two or more defendants may be charged in the same complaint, information, or indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting the crime or crimes. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

Appellant and Kepka were not charged in the same complaint and information but were tried jointly. The test for joinder of two or more cases for trial is the same as that for charging two or more defendants in the same complaint, information or indictment and the determination rests in the sound discretion of the trial court.

Defendant argues that he was improperly tried along with Kepka because he and Kepka were charged with separate similar crimes (aggravated anal sodomy), not the same crime. Furthermore, he asserts the joinder was improper because Kepka was charged with another different crime (oral sodomy) in which Tate took no part. Appellant's argument lacks merit.

This action involves joinder of defendants for trial, not joinder of charges, and the section of the statute quoted above is the only portion of the statute which is applicable to this case. Our statute, K.S.A. 1979 Supp. 22-3202(3), is identical to F.R. Crim. P. Rule 8(b). Appellant relies on *State v. Roberts,* 223 Kan. 49, 574 P.2d 164 (1977), where we dealt at length with the question of misjoinder of defendants. In *Roberts* four defendants were jointly tried on assorted charges growing out of two separate and distinct incidents involving robberies of an apartment and a bar which occurred on different days. Roberts was charged and convicted of aggravated robbery, conspiracy to commit aggravated robbery, aggravated burglary, and misdemeanor theft in connection with the apartment robbery. He was not charged and there was no evidence introduced connecting him with the bar robbery. We held that it was error to try Roberts along with other defendants who were tried not only for their participation in the apartment robbery but also for the robbery of the bar.

After examining K.S.A. 22-3202(3) and F.R. Crim. P. Rule 8(b), and the applicable annotations in 1 Wright, Federal Practice and Procedure: Criminal § 144, pp. 322-324 and 326-329 (1969), this court said:

"We conclude two or more defendants may be joined and tried together (1) when each of the defendants is charged with accountability for each offense included, or (2) when each of the defendants is charged with conspiracy and some of the defendants are also charged with one or more offenses alleged to be in furtherance of the conspiracy, or (3) when in the absence of a conspiracy it is alleged the several offenses charged were part of a common scheme or were so closely connected in time, place and occasion that proof of one charge would require proof of the others.

"We further conclude if two or more defendants have been tried together and none of the requirements in the preceding paragraph have been met a misjoinder results and is an absolute ground for reversal and separate trials. (See Vernon's Kansas Statutes Annotated, Code of Criminal Procedure, § 22-3202, n. 10, p. 669; and Wright's Federal Practice and Procedure, *supra.*)" *State v. Roberts,* 223 Kan. at 55.

Appellant argues that the charges of anal and oral sodomy against Kepka allege separate and distinct offenses from the charge of anal sodomy against him and that proof of the charges against Kepka would not require proof of the charges against appellant, and vice versa. Appellant has misconstrued the language of *Roberts.* The statute speaks, in part, to "the same series of acts or transactions constituting the crime or crimes." In *Roberts* we said that two or more defendants could be tried together when the offenses charged were part of a common scheme.

In *Scheve v. United States,* 184 F.2d 695 (D.C. Cir. 1950), the court had occasion to consider the application of Rule 8(b). Four defendants were jointly tried on charges of gambling and one of the defendants, Scheve, was also tried on an additional charge of assault. The three defendants who were not participants in or charged with the assault objected to being tried jointly with the fourth defendant. It appears that all four defendants were engaged in the gambling operation but only Scheve was involved in the assault upon the wife of one of the customers who was complaining about her husband's losses. The court stated:

"[T]here was an unbroken chain of causation between the defendants' gambling business, Ricker's losses, his wife's demand for return of some of them, Joseph Scheve's assault on her, Ricker's apparent attempt to intervene, and Scheve's assault on Ricker. Since the gambling and the assault were 'acts or transactions connected together', Rule 8(a) permits joinder of the offenses in one indictment. Since the gambling and the assault were a 'series of acts or transactions' in which series, if not in each of its members, all four defendants 'participated', Rule 8(b) permits joinder of the defendants in one indictment." p. 696.

"Since Rule 8(b) expressly provides that 'all of the defendants need not be charged in each count', the fact that the present appellants were not charged with assault did not prevent joinder." p. 697.

In *Williams v. United States,* 416 F.2d 1064 (8th Cir. 1969), the defendant was charged with one count of kidnapping while his codefendants were charged and tried on two counts of kidnapping. The court stated:

"If the requisites of Rule 8(b) are met, joinder of multiple defendants and multiple counts are not invalidated by lack of individual participation by all defendants in all of the crimes charged. As stated by Judge Lay in Haggard v. United States, 8 Cir., 369 F.2d 968, 973, 'Nor do we think that "participation" in "the same series" requires "participation" in each transaction of the series.' (Cites omitted.)" p. 1069.

Again, in *United States v. Roselli,* 432 F.2d 879 (9th Cir. 1970), where multiple defendants were jointly tried on assorted charges of gambling and income tax evasion, the court stated:

"It is implicit in the language of Rule 8(b) that so long as all defendants participate in a series of acts constituting an offense or offenses, the offenses and defendants may be joined even though not all defendants participated in every act constituting each joined offense." p. 899.

In the present case, appellant and Kepka both participated in the mock trial of Jones, both participated in the beating administered to Jones, both engaged Jones in anal sodomy as part of the punishment for Jones being found "guilty" of being a homosexual and Kepka also engaged Jones in oral sodomy. The three offenses were all part of a series of acts or transactions and part of a common scheme in which both defendants participated. There was no error in trying the defendants jointly.

The judgment is affirmed.