(706 P.2d 483)

No. 57,860

STATE OF KANSAS, *Appellee*, v. RANDALL RAY REINEKING, *Appellant*.

Petition for review denied November 7, 1985.

Opinion filed September 26, 1985.

*Thomas H. Sachse,* of Green & Sachse, Chartered, of Ottawa, for the appellant.

*Wendell J. Barker,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before PARKS, P.J., REES, J., and JEROME HARMAN, C.J. Retired, assigned.

*Per Curiam*: Defendant Randall Ray Reineking appeals his jury conviction of aiding and abetting the making of a false writing. K.S.A. 21-3205 and 21-3711.

Emil Wiley of Leavenworth County owned two tractors which had been delivered for repairs to Underwood Equipment, Inc. in Franklin County, Kansas. Subsequently, a Topeka bank obtained a judgment against Wiley and an order of garnishment against the two tractors located at the equipment company. In an effort to get his tractors back, Wiley drafted a document entitled "Writ of Replevin" and filed it in the United States District Court in Topeka on April 17, 1984. The writ stated that Wiley was the lawful owner of the two tractors and it directed the sheriff of Franklin County to secure the tractors from Underwood Equipment, Inc. and to deliver them to Wiley. The writ was signed by Wiley and beneath the signature was typed "The Honorable Emil F. Wiley."

On May 10, 1984, at the request of Wiley, defendant Reineking presented a certified copy of the "Writ of Replevin" and an attached "Writ of Execution" to Franklin County Sheriff Rex Bowling. Defendant was wearing a suit and a name tag imprinted with the words "outer barrister". When Bowling asked defendant if he was an attorney, defendant replied "no" and said he was only serving the process. Defendant then inquired whether the sheriff intended to act upon the order, and the sheriff said that he would first discuss it with the county attorney.

In a complaint filed May 11, 1984, Reineking was charged with aiding and abetting Emil Wiley in the making of a false writing by delivering the writ to the Franklin County sheriff with the intent to induce official action. K.S.A. 21-3711. Wiley was separately charged with making a false writing. The two men were

tried together and both were convicted, but Reineking appeals separately. At trial, the parties stipulated that the writ was not issued by any state court in Kansas or the United States District Court for Kansas and was not signed by a judge, clerk, or deputy clerk of any of those courts. It was also stipulated that the writ was prepared on or before April 17, 1984.

Defendant first argues that the trial court erred in not dismissing the complaint because delivery of a false writing is not an act prohibited by K.S.A. 21-3711, which provides as follows:

"Making a false writing is making or drawing or causing to be made or drawn any written instrument or entry in a book of account with knowledge that such writing falsely states or represents some material matter or is not what it purports to be, and with intent to defraud or induce official action.

"Making a false writing is a class D felony."

Defendant contrasts the definition of making a false writing (K.S.A. 21-3711) with the offense of simulating legal process (K.S.A. 21-3820), which prohibits:

"(a) Sending or delivering to another any document which simulates or purports to be, or is reasonably designed to cause others to believe it to be, a summons, petition, complaint, or other judicial process, with intent thereby to induce payment of a claim; or

"(b) Printing, distributing or offering for sale any such document, knowing or intending that it shall be so used.

"(2) Subsection (1) of this section does not apply to the printing, distribution or sale of blank forms of legal documents intended for actual use in judicial proceedings.

"(3) Simulating legal process is a class A misdemeanor."

From this defendant concludes the legislature did not intend to proscribe the delivery of a false writing by the terms of K.S.A. 21-3711.

Defendant's argument is well taken, but it disregards the fact that defendant was charged and convicted of aiding and abetting the making of a false writing. If K.S.A. 21-3711 prohibited the delivery of a false writing, defendant would have been charged with the principal offense and not as an aider and abettor. However, as charged, there can be little doubt that the conduct of delivering a false writing may subject one to prosecution as an aider and abettor of that offense.

"K.S.A. 21-3205(1) provides a person is criminally responsible for a crime committed by another if he intentionally aids, abets, advises, hires, counsels or procures the other to commit the crime. It is the rule in this state that mere association with the principals who actually commit the crime or mere presence

in the vicinity of the crime are themselves insufficient to establish guilt as an aider and abettor; however, when a person knowingly associates himself with the unlawful venture and participates in a way which indicates he willfully is furthering the success of the venture, such evidence of guilt is sufficient to go to the jury. See *State v. Williams*, 229 Kan. [646] at 661[,630 P.2d 694 (1981)]; *State v. Payton*, 229 Kan. 106, 111, 622 P.2d 651 (1981); *State v. McDaniel & Owens*, 228 Kan. 172, 178, 612 P.2d 1231 (1980); *State v. Wilson & Wentworth*, 221 Kan. [359] at 367, [559 P.2d 374 (1977)]; *State v. Edwards*, 209 Kan. 681, 686, 498 P.2d 48 (1972)." *State v. Burton*, 235 Kan. 472, 477, 681 P.2d 646 (1984).

To commit the crime of making a false writing one must have the intent to defraud or induce official action. K.S.A. 21-3711. The knowing delivery of the false document to the official who is intended to be induced to act is a type of participation which indicates an intent to further the success of one making the false writing. The trial court did not err in overruling defendant's motion to dismiss the complaint.

Defendant next contends his delivery of the writ could not constitute aiding and abetting because it occurred after the completion of the principal offense. Essentially, defendant argues that Wiley's offense of making a false writing was completed on April 17, 1984, when the writ was prepared and filed in the United States District Court. Since he did not even arrive in the State of Kansas until May 8, 1984, defendant contends that the trial court erred in failing to instruct the jury that aiding and abetting conduct must occur before or during the commission of the principal offense. He also contends that the court's instructions were erroneous because they permitted the jury to find that one could be guilty of aiding and abetting the offense of making a false writing without a finding that the guilty party actually aided in the making or preparation of the false writing.

In gauging the propriety of the instructions, each instruction is considered in conjunction with all of the instructions given. *State v. Jones*, 234 Kan. 1025, 1029, 676 P.2d 1281 (1984). When the trial court has refused to give instructions requested by the defendant, the appellate court will review the evidence supporting those instructions in the light most favorable to the defendant. *State v. Crispin*, 234 Kan. 104, 109, 671 P.2d 502 (1983).

The premise of defendant's argument is that Wiley had completed the offense as of April 17, 1984, when the writ was filed in the United States District Court. The writ, prepared by Wiley, directed the sheriff of Franklin County to take steps to recover

Wiley's tractors. The filing of the writ in federal district court alone is not a manifestation of an intent to induce official action since the governmental official ordered to act in the writing is a county sheriff. In fact, the writ filed in the United States District Court presumably would be treated as simply a written request for the court's issuance of the same. By the terms of the writ, sufficient evidence of Wiley's intent could only be shown by some statement, effort or attempt to induce the Franklin County sheriff to act. Thus, the crime of making a false writing was not completed by Wiley until it became evident that he knew the writ was not what it purported to be and that he intended to induce official action. The mere drafting of the instrument is only one element of the crime of making a false writing. See *State v. Cuezze, Houston & Faltico*, 225 Kan. 274, 280-81, 589 P.2d 626 (1979). Therefore, since the offense of making a false writing involves more than simply preparation of the writing, one may be guilty of aiding and abetting that offense by carrying out acts unrelated to the actual making of the document.

The act of delivering the writ aided Wiley in his intent to induce official action and, thus, it occurred during the commission of the crime of making a false writing. The trial court did not err in instructing the jury that the crime charged was proven if one or more of the alleged acts by Wiley and defendant occurred on or about May 10, 1984. Furthermore, we conclude that the instructions adequately informed the jury that defendant's conduct must occur before or during the commission of the crime.

Defendant next complains that the trial court erred in consolidating for trial the separate complaints against defendant and Wiley.

K.S.A. 22-3202(3) provides:

"(3) Two or more defendants may be charged in the same complaint, information or indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting the crime or crimes. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

Defendant and Wiley were not charged in the same complaint but were tried jointly. "The test for joinder of two or more cases for trial is the same as that for charging two or more defendants in the same complaint, information or indictment and the determination rests in the sound discretion of the trial court." *State v. Tate*, 228 Kan. 752, 753, 620 P.2d 326 (1980).

In *State v. Roberts*, 223 Kan. 49, 55, 574 P.2d 164 (1977), the Court recognized several situations where two or more defendants may be tried together:

"(1) when each of the defendants is charged with accountability for each offense included, or (2) when each of the defendants is charged with conspiracy and some of the defendants are also charged with one or more offenses alleged to be in furtherance of the conspiracy, or (3) when in the absence of a conspiracy it is alleged the several offenses charged were part of a common scheme or were so closely connected in time, place and occasion that proof of one charge would require proof of the others." Quoted in *State v. Martin*, 234 Kan. 548, 549, 673 P.2d 104 (1983).

If none of the requirements have been satisfied, a misjoinder results and is an absolute ground for reversal and separate trials. *State v. Tate*, 228 Kan. at 754. When any of the above situations exist, joinder is proper, subject to a showing of prejudice to either defendant. *State v. Martin*, 234 Kan. at 549. The factors considered in assessing the degree of prejudice necessary to warrant severance include the following:

"(1) that the defendants have antagonistic defenses; (2) that important evidence in favor of one of the defendants which would be admissible on a separate trial would not be allowed on a joint trial; (3) that evidence incompetent as to one defendant and introducible against another would work prejudicially to the former with the jury; (4) that a confession by one defendant, if introduced and proved, would be calculated to prejudice the jury against the others; and (5) that one of the defendants who could give evidence for the whole or some of the other defendants would become a competent and compellable witness on the separate trials of such other defendants. 75 Am. Jur. 2d, Trial § 20." *State v. Martin*, 234 Kan. at 549.

It is within the sound discretion of the trial court to grant separate trials. *State v. Myrick & Nelms*, 228 Kan. 406, 416, 616 P.2d 1066 (1980). While it may be economical and efficient to try multiple defendants in one proceeding, the overriding consideration is the right of an accused to a fair trial under the Constitution. *State v. Pham*, 234 Kan. 649, 654, 675 P.2d 848 (1984); *State v. Martin*, 234 Kan. at 550. A party claiming an abuse of discretion has the burden of proof. *State v. Pham*, 234 Kan. at 653.

Defendant contends none of the requirements for joinder are met in the present case. As previously discussed, defendant's delivery of the writ aided Wiley in his intent to induce official action. Defendant admitted his actions were motivated by a desire to help Wiley regain possession of his tractors. Although

defendant had no financial interest in Wiley's tractors, his delivery of the writ was part of a common scheme with Wiley to obtain the tractors. Thus, the two cases are not initially misjoined.

Furthermore, none of the reasons for compelling severance due to potential prejudice were applicable in this case. The defenses of codefendants are treated as antagonistic if a "dichotomy or near dichotomy" exists between the defenses. *State v. Pham*, 234 Kan. at 655. A classic example of antagonistic defenses is when each defendant blames the other for the crime. *State v. Pham*, 234 Kan. at 655. Defendant never denied that he, upon Wiley's request, delivered the writ with knowledge of its purpose and contents. Moreover, Wiley never testified that defendant directly assisted or counseled him in the drafting of the instrument. Thus, each defendant acknowledged his own actions and did not claim that conduct ascribed to him by the State was committed by his codefendant. Defendant was not prejudiced by the joinder of the two cases for trial.

Defendant also maintains that the trial court erred in refusing to allow the Wabaunsee County Attorney, Edwin Van Petten, to testify whether the document prepared by Wiley was what it purported to be.

As a general rule, the interpretation or construction and the meaning and legal effect of written instruments are matters of law exclusively for the court and not, as defendant suggests, questions of fact for determination by the jury. See *State v. Addington*, 205 Kan. 640, 653, 472 P.2d 225 (1970). Since the interpretation of the alleged writ and whether it constituted a proper and legal writ of replevin are matters of law exclusively for the court, the trial court properly restricted Van Petten's testimony.

Finally, defendant argues that the Franklin County District Court lacked venue over the charge.

K.S.A. 22-2607(1) states:

"A person who intentionally aids, abets, advises, counsels or procures another to commit a crime may be prosecuted in any county where any of such acts were performed or in the county where the principal crime was committed."

Inasmuch as defendant's delivery of the writ to the Franklin County sheriff furthered Wiley's intent to induce official action,

we conclude that the Franklin County District Court had proper venue. Thus, the trial court did not err in finding it had proper venue over the charge.

Affirmed.