No. 67,919

FEDERAL LAND BANK OF WICHITA, KANSAS, *Appellee/Cross-Appellant*, v. ESTHER B. KRUG, *et al.*, *Appellants/Cross-Appellees*.

(856 P.2d 111)

Opinion filed July 9, 1993.

*Mark Arthur, Jr.*, of Thompson, Arthur & Davidson, of Russell, was on the briefs for appellants/cross-appellees.

*J. Randall Clinkscales*, of Clinkscales & Clinkscales, of Hays, argued the cause and was on the briefs for appellee/cross-appellant Federal Land Bank of Wichita, Kansas.

The opinion of the court was delivered by

LOCKETT, J.: Herman Krug Farms, Inc., Herman A. Krug, and Esther B. Krug (the Krugs) borrowed money from and executed

a mortgage and note to the Federal Land Bank of Wichita to purchase farm and ranch land. The loan was to be repaid in 33 annual installments. Three years later the Krugs entered into a contract for the sale of the land to the partners in S & S Ranch. S & S executed an assumption agreement of the Krugs' loan from the Bank. S & S made two annual payments but refused to make additional payments when it was unable to obtain a deed from the Krugs or the Bank. The Bank petitioned for foreclosure, naming the Krugs and S & S as defendants. The Krugs cross-claimed against S & S for failure to make payments due under the real estate contract and indemnity for any liability the Krugs had to the Bank. The district court (1) rescinded the contract for sale between the Krugs and S & S; (2) ordered S & S to make an accounting to the court; (3) found S & S had no rights of redemption; (4) found S & S partners and the Krugs were liable to the Bank on the mortgage assumption agreement; and (5) found the Bank had violated the Equal Credit Opportunity Act. S & S appealed, claiming that rescission of the contract is a defense to a mortgage. The Court of Appeals reversed the trial court in an unpublished decision filed November 13, 1992. We granted the Federal Land Bank's petition for review.

Those involved in the action can be divided into three parties: The first party (the Krugs) includes Herman Krug Farms, Inc.; Herman A. Krug (deceased) and Esther B. Krug; and the Herman Krug Estate. The second party (S & S) includes Jack Yost, John Yost, and Bruce Miller, partners in S & S Ranch; and Eloise Yost and Terrie Miller, the wives of John Yost and Bruce Miller. The Federal Land Bank of Wichita (Bank) is the third party.

In 1981, the Krugs executed a promissory note for $584,000 and a 33-year mortgage on 2,720 acres of farm and ranch land to the Bank. The mortgage stated: "[M]ortgagee at its option may declare the debt immediately due in the event of change of ownership of the security, unless mortgagee has given its written consent to such change."

Because the Krugs could not make the annual payment on the note in 1984, they entered into a Contract For Sale of Real Estate with S & S. The contract provided that S & S was to acquire the land and the Krugs' stock in the Bank. In return, S & S was to assume the Krugs' debt to the Bank. The contract expressly

stated: "[I]t is agreed and stipulated by and between the parties that such contract sale shall at all times be subject to the approval by The Federal Land Bank Association of Wichita, Kansas, of the assumption of the above referred to mortgage by Buyer."

A mortgage assumption agreement was prepared by the Bank and executed by S & S as purchaser of the land, and by Herman Krug Farms, Inc., as the seller of the land. Under the agreement, S & S assumed and agreed to pay to the Bank the unpaid balance of the Krugs' indebtedness and agreed to be bound by all the covenants, conditions, and obligations contained in the note, mortgage, and other loan instruments to the same extent as if the note, mortgage, and other loan instruments were executed by S & S.

After S & S had made the November 1, 1984, and November 1, 1985, annual payments on the mortgage, it refused to make the November 1, 1986, payment because it was unable to obtain a deed from the Krugs or the Bank. The Bank commenced a foreclosure action naming the Krugs and S & S as defendants. The Krugs cross-claimed against S & S for its failure to make the last of two payments under the real estate contract and for indemnity for any liability of the Krugs to the Bank. Other issues were raised and disposed of, and they will not be discussed in the opinion.

As relevant, the trial court found:

1. Defendants had defaulted on the note and mortgage in failing to pay the Bank the installments when due.

2. Defendants Krug and S & S were jointly and severally liable for the amounts due the Bank.

3. Defendants were entitled to credit against the judgment for their stock in the Federal Land Bank Association of Hays, and their interest in the stock was foreclosed.

4. The Bank was entitled to have its mortgage and security interest foreclosed. The Bank was entitled to have the property sold to satisfy payment of the amount of indebtedness.

5. Both S & S and the Krugs breached the terms and conditions of the real estate contract (the Krugs because they failed to timely deliver good and marketable title and refused to tender a warranty deed and S & S because it did not pay the Bank when payment was due).

6. S & S Ranch did not seek specific performance of the contract, nor did it seek damages for breach of contract. The court construed that to mean it sought the contract remedy of restitution and rescission. Accordingly, the trial court rescinded the contract; S & S was directed to make an accounting to the court; the Krugs were entitled to possession; S & S was entitled to have the $2,500 down payment returned to it; and S & S partners had no rights of redemption because, as a result of the rescission of the contract, they had no ownership interest in any of the subject property.

7. Breach of the sales contract between the Krugs and S & S ranch was not, as a matter of law, a defense to the claim for mortgage foreclosure by the Bank or a defense to the mortgage assumption agreement executed by S & S.

8. The property should be sold according to law and applied to the judgment.

9. If there remains any amount due the Bank, the Bank is entitled to a deficiency judgment against the defendants for such remaining amounts.

S & S appealed to the Court of Appeals, claiming that rescission of the contract is a defense to a mortgage.

The Court of Appeals reversed the district court, holding:

1. The trial court was correct in ordering rescission of the Contract for Sale of Real Estate because failure to tender marketable title was a material breach warranting rescission. The Court of Appeals equated failure to tender a deed with failure to tender marketable title.

2. The contract and mortgage assumption should be construed together to determine the intent of the parties to the contract because (a) the Bank was a necessary approving party to the contract for sale; (b) the Bank would not have approved the sale without the mortgage assumption; (c) the mortgage assumption is a contract between the Krugs and S & S and the Bank is not listed as a party to the mortgage assumption; and (d) the mortgage assumption states the parties are purchaser and seller and "this language" cannot stand without the sale because "there must be something for the purchaser to purchase."

3. The Bank's forbearance to foreclose is insufficient consideration for the mortgage assumption because it is not reasonable

to believe that S & S, absent its ownership interest, would have assumed the mortgage only to protect the Krugs' land from foreclosure. The assumption is reasonable only when one includes the fact that S & S had signed a contract to buy the land. When a buyer's interest in property is removed, as the trial court did with rescission in this case, any consideration received for executing the mortgage assumption is also removed. Therefore, a rescission of the contract in this case necessarily includes rescission of the mortgage assumption.

4. In general, equity requires that all parties be placed where they originally started. Under the facts of this case, it is possible to return each party to its original position. Including the mortgage assumption in the rescission of the contract will place all parties in their original position. Rescission of the contract includes rescission of the mortgage assumption, and rescission of the contract in this case is a defense to liability for the mortgage debt.

The Bank petitioned for review, and we granted the petition.

We first note that the parties do not agree on the statement of the issue being reviewed. We determine the issue to be whether the Court of Appeals erred by reversing the trial court and finding that because the trial court rescinded the contract it also rescinded the assumption agreement which was the basis for S & S's obligation to the Bank under the mortgage.

The Bank contends that the standard of review is whether the findings of fact are supported by substantial competent evidence and whether the findings are sufficient to support the trial court's conclusions of law. It contends that, on the basis of this standard of review, the Court of Appeals erred in reversing the trial court's judgment that S & S's execution of the assumption agreement made it liable to the Bank on the mortgage. We disagree with the Bank's contention as to the appropriate standard of review.

The mortgage assumption agreement was a written document. As a general rule, the interpretation or construction and meaning and legal effect of written instruments are matters of law exclusively for the court and not questions of fact. *State v. Reineking,* 10 Kan. App. 2d 630, Syl. ¶ 7, 706 P.2d 483, *rev. denied* 238 Kan. 879 (1985). Therefore, regardless of the construction given

a written contract by the trial court, an appellate court may construe a written contract and determine its legal effect. *Kennedy & Mitchell, Inc. v. Anadarko Prod. Co.*, 243 Kan. 130, Syl. ¶ 1, 754 P.2d 803 (1988). See *State v. Smith*, 244 Kan. 283, 284, 767 P.2d 1302 (1989).

S & S asserts that the "Mortgage Assumption Agreement; Voting Stock and Participation Certificate Transfer" was part of the contract between the Krugs and S & S for the sale of real estate. It claims that the contract between it and the Krugs merely authorizes the Bank to transfer the stock of the Bank to the purchasers and, as such, is merely adjunct to or an implementation of that portion of the Contract for Sale of Real Estate. S & S asserts that because the Bank did not approve the contract for sale, the Bank is only a third-party beneficiary of the contract and, as such, is subject to all defenses to the contract, including rescission and restitution. S & S argues that once the underlying real estate contract was rescinded, there was no consideration to support the assumption agreement.

The Bank asserts the Court of Appeals correctly found the contract and mortgage assumption agreement should be construed together to determine the intent of the parties because the Bank was a necessary approving party to the contract for sale and the Bank would not have approved the sale without the mortgage assumption. It argues the Court of Appeals erred in determining the mortgage assumption was an agreement between the Krugs and S & S and that the Bank's forbearance to foreclose its mortgage was insufficient consideration for the assumption agreement.

For authority the Bank relies on *Federal Land Bank v. Girtch*, 151 Kan. 528, 99 P.2d 768 (1940). In that case Rathbun purchased from the Girtches property secured by a mortgage to the Federal Land Bank. Rathbun did not agree to assume the indebtedness of the mortgage. However, Rathbun later executed a written application to extend the time to make a payment due on the mortgage. To obtain the extension, Rathbun agreed to pay the balance of indebtedness.

When the loan became delinquent, the Bank instituted a foreclosure action against the Girtches and Rathbun. Rathbun defended the action, stating that when executing the extension agreement, he did not assume the mortgage debt and that there

was no consideration for the extension agreement. In rejecting Rathbun's arguments, the *Girtch* court stated that the agreement was sufficiently clear that in consideration for the extension of credit Rathbun assumed personal liability to all items extended. The court found that by granting the extension to Rathbun, the Bank gave consideration by parting with its legal right to foreclose the mortgage.

To warrant rescission of a contract for breach of contract, the breach must be material and the failure to perform so substantial as to defeat the object of the parties in making the agreement. *M & W Development, Inc. v. El Paso Water Co.*, 6 Kan. App. 2d 735, Syl. ¶ 1, 634 P.2d 166 (1981). Generally, upon rescission of a contract the parties must be placed in substantially the same condition as they were when the contract was executed. *M & W Development, Inc.*, 6 Kan. App. 2d 735, Syl. ¶ 3. Only by placing all parties where they originally started can equity be done.

The Court of Appeals reasoned rescission of the contract of sale between the Krugs and S & S required that all parties must be placed substantially where they were when the sale contract for the land was executed. It determined that because there was no consideration for S & S's execution of the assumption agreement, equity required all parties be placed where they originally started.

The primary rule in construing written contracts is the intention of the parties as disclosed by the instruments. An assumption agreement is an act of assuming or taking an obligation on one's self and can include the undertaking or adoption of a debt or obligation resting upon another. When one contracts to assume a mortgage even though the documents are executed at different times, but in the course of the same transaction concerning the same subject matter, they will be construed together to determine the intent of the parties to the contract. *Hollenbeck v. Household Bank*, 250 Kan. 747, Syl. ¶ 2, 829 P.2d 903 (1992). One of the conditions of the contract between the Krugs and S & S is that the sale of the land was subject to approval of the Bank and the buyer's assumption of the note and mortgage. Under these circumstances, the Bank's approval was sufficient consideration for the assumption agreement.

A real estate mortgage is a contract which conveys no legal title, but is merely the mortgagee's security for the mortgagor's debt. Because the mortgage is only security, and incident to the debt, it follows the debt and partakes of its nature and character. *Lewis v. Kirk*, 28 Kan. 497, 501 (1882). A judgment rendered against one who is not a signer of the note and mortgage is proper when the individual later executes a valid agreement to assume the obligations of the note and mortgage.

The judgment of the district court is affirmed. The judgment of the Court of Appeals is reversed.