(893 P.2d 286)
No. 71,024

D. R. LAUCK OIL COMPANY, INC., *Appellant,* v. CHRISTOPHER D. BREITENBACH, *Appellee.*

Opinion filed April 14, 1995.

*Bruce B. Fitts* and *Michael V. Madden*, of Wichita, for appellant.

*David L. Patton*, of Patton, Kerbs & Hess, of Dodge City, for appellee.

Before ROYSE, P.J., ELLIOTT, J., and C. FRED LORENTZ, District Judge, assigned.

ROYSE, J.: D. R. Lauck Oil Company, Inc., (Lauck) brought this action, claiming that Christopher D. Breitenbach had converted the gas produced from a well operated by Lauck. After a bench trial, the district court entered judgment for Breitenbach. On appeal, Lauck argues (1) the district court erred in interpreting the parties' oil and gas lease and (2) the district court erred in admitting into evidence another oil and gas lease.

Lauck's first argument is that the district court erred in interpreting the parties' oil and gas lease. The main body of the lease is a printed form which provides:

"[T]he lessor to have gas free of charge from any gas well on the leased premises for stoves and inside lights in the principal dwelling house on said land by making his own connections with the well, the use of such gas to be at the lessor's sole risk and expense."

The parties attached an exhibit containing 13 additional provisions to the main body of the lease. Paragraph 10 of that exhibit provides:

"If gas is produced on this lease the lessors, their heirs, their administrators, their executors, their successors and their assigns shall be furnished free gas for agricultural purposes or uses. If gas is produced on land by others and unitized, lessors, their heirs, their administrators, devisees, executors, successors and assigns can, at their option, purchase gas from the wells at the wellhead price for agricultural purposes or uses."

Finally, the main body of the lease states: "This lease is subject to provisions 1 through 13 attached hereto and made a part hereof by reference. (See Exhibit 'A'.)"

The parties stipulated that Breitenbach began taking the gas from the well on the property subject to the lease and using it on property not subject to the lease. The parties also stipulated that Breitenbach was using the gas for agricultural purposes.

The principal issue at the trial was whether the lease limits the use of the gas for agricultural purposes to the leased property. The district court determined that the lease contained no such limitation. The district court's interpretation of the lease is a conclusion of law subject to unlimited review on appeal. "Regardless of the construction of a written contract made by the trial court, on appeal a contract may be construed and its legal effect determined by the appellate court." *Mark Twain Kansas City Bank v. Cates*, 248 Kan. 700, 704, 810 P.2d 1154 (1991).

Oil and gas leases are subject to the well-recognized rules of contract construction. See *Akandas, Inc. v. Klippel*, 250 Kan. 458, 464, 827 P.2d 37 (1992).

"In construing a contract, the intent of the parties is the primary question; meaning should be ascertained by examining the documents from all corners and by considering all of the pertinent provisions, rather than by critical analysis of a single or isolated provision; and reasonable rather than unreasonable interpretations are favored." 250 Kan. 458, Syl. ¶ 2.

When a contract is not ambiguous, the court may not make another contract for the parties. Its function is to enforce the contract as made. *Patrons Mut. Ins. Ass'n v. Harmon*, 240 Kan. 707, 713, 732 P.2d 741 (1987). Words cannot be written into a contract which import an intent wholly unexpressed when it was executed. *Duffin v. Patrick*, 212 Kan. 772, 778, 512 P.2d 442 (1973).

Lauck contends that the language in paragraph 10 is ambiguous and should be interpreted to restrict Breitenbach from using the gas on property other than the leased property. The only limitation set forth in paragraph 10, however, is that the gas must be used for agricultural purposes or uses. Paragraph 10 does not limit *where* or *on what property* Breitenbach may use the gas for agricultural purposes.

Lauck supports its argument by relying on the provision in the main body of the lease which authorizes the use of the gas for "stoves and inside lights in the principal dwelling house on said land." Lauck contends that the "on said land" limitation should also apply to paragraph 10. This argument is not persuasive.

First, the two lease provisions cited by Lauck are totally distinct from one another. The provision in the main body of the lease applies only to the gas used in the dwelling house on said land. This provision is very narrow and will only apply in very specific situations. Paragraph 10, on the other hand, applies only to agricultural purposes. Paragraph 10 will also only apply in specific situations. Because the two lease provisions operate in separate situations, they cannot be viewed as inconsistent or contradictory. There is no justification for applying the limitation in the lease provision for the dwelling house use to the separate, distinct lease provision for the agricultural use.

If anything, the language of the parties' lease refutes Lauck's argument. The limitation on use in the main body of the lease shows the parties were perfectly capable of imposing a geographic limitation on the gas use when they chose to do so. The parties did not impose such a limitation in paragraph 10, and it is not the proper function of this court to rewrite the lease to add such a limitation. See *Wood River Pipeline Co. v. Willbros Energy Services Co.*, 241 Kan. 580, 586, 738 P.2d 866 (1987).

We conclude, as did the district court, that paragraph 10 does not restrict Breitenbach's agricultural use of the gas to the leased premises.

Lauck seems to argue that comments from the court misled it in deciding what evidence to present. Although Lauck did not list this issue in its brief as an issue to be decided on appeal as required by Supreme Court Rule 6.02 (1994 Kan. Ct. R. Annot. 28), we will consider it briefly. Most of the comments cited by Lauck were made by the district court after Lauck had rested and could not have affected Lauck's determination of the evidence it would offer. Moreover, Lauck made no objection, when the district court ruled the lease was not ambiguous, that Lauck had been misled and wished to reopen to present additional evidence. A point not presented to the district court cannot be presented for the first time on appeal. *Diversified Financial Planners, Inc. v. Maderak*, 248 Kan. 946, 948, 811 P.2d 1237 (1991). Finally, to date, Lauck has not identified what additional evidence it might have presented.

Lauck makes several arguments in support of its contention that paragraph 10 is ambiguous. First, Lauck argues the district court failed to consider the intent of the parties. The record indicates that the district court determined the intent of the parties by examining the lease. "The primary rule in construing written contracts is the intention of the parties as disclosed by the instruments." *Federal Land Bank of Wichita v. Krug*, 253 Kan. 307, 313, 856 P.2d 111 (1993).

Second, Lauck relies on those cases which state that reasonable interpretations are preferred over unreasonable interpretations. See *Geier v. Eagle-Cherokee Coal Mining Co.*, 181 Kan. 567, 573, 313 P.2d 731 (1957). Lauck maintains that the unrestricted agricultural use of the gas from the well could consume all of the gas production. There is nothing in the record to quantify the amount of the gas Breitenbach has used. But even more importantly, Kansas adheres to the

"general principle that competent parties may make contracts on their own terms, provided they are neither illegal nor contrary to public policy, and that in the absence of fraud, mistake, or duress a party who has fairly and voluntarily

entered into such a contract is bound." *Adams v. John Deere Co.*, 13 Kan. App. 2d 489, 492, 774 P.2d 355 (1989).

Lauck has not asserted any reason to disregard this general principle. If Lauck wished to limit Breitenbach's agricultural use of the gas from the well, it should have negotiated for such a limitation in the lease.

Third, Lauck relies on the rule that ambiguous language should be construed against the party who prepared the document. Lauck says Breitenbach prepared the lease provisions. This rule of construction applies to ambiguous contract language. If the language of a contract is clear and can be carried out as written, there is no room for applying rules of construction. *Simon v. National Farmers Organization, Inc.*, 250 Kan. 676, Syl. ¶ 2, 829 P.2d 884 (1992). The language of paragraph 10 is not ambiguous.

For its fourth argument, Lauck relies on the rule prohibiting courts from inserting words into a contract imparting an intent unexpressed by the parties. Lauck claims:

"The questioned provisions of the lease are absent any language as to the extent of permitted 'agricultural purposes' use of the gas. In coming to the conclusion that the parties' intended gas use for 'agricultural purposes' to be unlimited, the trial court in essence rewrote paragraph 10 of Exhibit A to the lease in a way wholly unexpressed by the parties at the time the lease was executed."

In other words, Lauck claims that because paragraph 10 contains no geographical limitation, the court must construe the paragraph to impose such a limitation. Lauck, thus, asks this court to do the very thing that Lauck says a court must not do: rewrite the parties' agreement.

Finally, Lauck relies on the rule of contract construction that language used anywhere in a contract should be considered and construed in harmony with all provisions and not in isolation. *Wood River Pipeline*, 241 Kan. 580, Syl. ¶ 4. This rule does not require that dissimilar contract provisions be given the same interpretation. The provision for using the gas in the dwelling house contains a geographical limitation; the provision for agricultural use of the gas does not.

The district court did not err in its interpretation of the lease.

The second issue Lauck raises on appeal is whether the district court erred in admitting into evidence another lease which con-

tained the same two provisions. On appeal, Lauck objects that the other lease was irrelevant and inadmissible hearsay. The record reflects, however, that Breitenbach testified without objection that the other lease contained provisions identical to those which were at issue in this case. Even if Lauck is correct that it was error to admit the other lease, the error was not prejudicial. See *Grubb, Administrator v. Grubb*, 208 Kan. 484, 487, 493 P.2d 189 (1972); *Heller v. Rounkles*, 171 Kan. 323, 327, 232 P.2d 225 (1951).

Affirmed.