NOT DESIGNATED FOR PUBLICATION

No. 113,611

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENDALL REX MOYER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; VAN Z. HAMPTON, judge. Opinion filed February 19, 2016.
Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*David Belling*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and JOHNSON, S.J.

*Per Curiam*:  Pursuant to a plea agreement, Kendall Rex Moyer pled no contest to
felony theft and the State dismissed a count of felony burglary. The State also agreed
that, if Moyer complied with the terms of his recognizance bond and made all his court
appearances, it would recommend that Moyer be granted probation. Moyer then violated
his bond conditions, and he failed to appear for his sentencing. Moyer moved to withdraw
his plea. He argued that the State's anticipated objection to probation would deprive him
of the benefit of his bargain, invalidating the plea agreement. The district court rejected
that argument and denied the motion. Moyer makes similar contract-based arguments in
this appeal from that denial. Finding no error, we affirm the district court.

1

On June 11, 2014, Timothy Steininger, an employee of Blick's Phosphate Conversions LLC, reported to Dodge City Police Officer Anthony Rich that a vehicle owned by the company had been stolen and he suspected that Moyer had stolen it. A week later Officer Tyler Dyer learned from a confidential informant that Moyer had been seen driving the stolen vehicle in Fowler, Kansas. Officer Dyer contacted Deputy Rick Cross of the Meade County Sheriff's Department, who agreed to investigate. Deputy Cross located the stolen vehicle at 406 East Elm in Fowler and arrested Moyer, who was hiding in the building at that address, on an outstanding unrelated warrant.

The State charged Moyer with the burglary of and the theft of the vehicle owned by Blick's, each offense a severity level 9 nonperson felony. The parties soon reached a plea agreement. On August 28, 2014, Moyer agreed to plead no contest to the theft count and the State agreed to dismiss the burglary count. In addition, the State agreed to recommend that Moyer receive probation at sentencing, with the express fail-to-appear caveat that "[i]f the Defendant fails to appear at sentencing, or at any hearing prior to sentencing, or if the Defendant violates the conditions of his bond, all plea agreement conditions concerning sentencing are null and void." The district court accepted Moyer's plea and found Moyer guilty of theft.

Moyer failed to appear for his October 24, 2014, sentencing hearing. The district court ordered a bench warrant. Moyer was eventually arrested on December 4, 2014. The court rescheduled Moyer's sentencing for January 9, 2015. On January 7, 2015, Moyer filed a motion to withdraw his plea. Moyer asserted that he had entered his plea "to take advantage of" the State's agreement to recommend probation, but otherwise he made no specific argument on the good cause he intended to demonstrate to support the plea withdrawal. The motion acknowledged that the prosecutor had advised Moyer that the

State would not after all request probation because of Moyer's failure to appear at sentencing and failure to comply with his bond conditions.

The district court heard arguments on Moyer's motion at the outset of the rescheduled sentencing hearing January 9, 2015. Moyer did not testify. Defense counsel acknowledged that Moyer did not comply with his bond conditions or appear for sentencing, explaining that Moyer discontinued his bond-required participation in a drug treatment program and periodic drug testing because he had relapsed into drug usage. Defense counsel recognized that Moyer had not met the contingencies for the State to recommend probation but argued that "like in contract law, if part of the contract is void, it makes the entire contract void or voidable." Defense counsel contended that "if part [of the agreement is] not going to be honored, and my client didn't honor part of it, and the prosecutor is not going to honor his part, we don't have an agreement, and we should be put back in our original positions." The State asserted that Moyer's noncompliance under the fail-to-appear provision excused the State from requesting probation but did not vitiate the validity of the agreement. It urged the court to hold that Moyer had not shown good cause to withdraw his plea.

The district court denied Moyer's motion to withdraw his plea, finding that Moyer failed to establish a legal defect in the plea agreement or an excusable reason for not appearing at sentencing. Consequently, the court held Moyer failed to meet the statutory "good cause" standard for withdrawing a plea prior to sentencing under K.S.A. 2014 Supp. 22-3210(d)(1). The district court then proceeded to sentencing. Because Moyer committed his offense while on felony bond in an earlier case no presumption of probation applied. K.S.A. 2014 Supp. 21-6604(f)(4). Consistent with the State's suggestion the district court denied Moyer's request for probation. The district court sentenced Moyer to the standard term of 12 months in grid block 9-C and remanded him to prison. Moyer timely appeals from the denial of his motion to withdraw his plea.

3

A district court has discretion to allow a defendant to withdraw a no contest plea prior to sentencing upon the defendant's showing of "good cause." K.S.A. 2014 Supp. 22-3210(d)(1). "In reviewing a presentence denial of a motion to withdraw plea, an appellate court employs an abuse of discretion standard of review. The defendant bears the burden of establishing the abuse of discretion." *State v. Garcia*, 295 Kan. 53, Syl. ¶ 3, 283 P.3d 165 (2012). "'A district court abuses its discretion when the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. [Citation omitted.]' [Citation omitted.]" *State v. Soto*, 301 Kan. 969, 977, 349 P.3d 1256 (2015).

Moyer argues that the district court based its denial of his motion to withdraw his plea on an error of law, in that principles of contract law required that the court invalidate the entire plea agreement. He appropriately cites *Santobello v. New York*, 404 U.S. 257, 261-63, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971), as authority for the proposition that plea agreements are contractual in nature. We note that our Supreme Court has also applied fundamental contract principles when determining the best means for fair enforcement of a plea agreement. See *State v. Urista*, 296 Kan. 576, 583, 293 P.3d 738 (2013). Moyer's argument raises a legal question concerning the viability of his plea agreement. We have unlimited review of such legal questions. See *State v. Marshall*, 21 Kan. App. 2d 332, 336, 899 P.2d 1068, *rev. denied* 258 Kan. 861 (1995).

However, Moyer does not cite to us any authority supporting his contention that, as a matter of contract law, the plea agreement at issue is void or voidable. His citation to *People v. Jackson*, 121 Cal. App. 3d 862, 868, 176 Cal. Rptr. 166 (1981), does not avail him. Moyer correctly notes that, in *Jackson*, plea agreement contract principles required that Jackson be allowed to withdraw his plea. But in *Jackson* the agreement failed because the trial court lacked the statutory authority to impose the agreed upon reduced

sentence. Here, though, Moyer could have forced the State to recommend probation had he complied with his bond conditions and appeared for his sentencing. The district court clearly had the authority to grant Moyer probation. The plea agreement provision here that would have required the State to recommend probation was legally capable of being realized, unlike the sentencing provision in *Jackson*. Fulfillment of Jackson's plea agreement on the length of his sentence was beyond the authority of the parties and court. Fulfillment of the plea provision requiring a probation recommendation from the State was entirely within Moyer's control.

Otherwise, Moyer simply makes assertions without legal authority. For example, he contends that "[a]llowing the State to withdraw from the agreement and recommend a prison sanction invalidated the entire agreement . . . ." Similarly, he argues that allowing the State to recommend a prison sentence "denied Mr. Moyer the benefit of the bargain he had made with the State and negated the entire purpose of the plea." But these arguments ignore the express terms of the plea agreement. Moyer does not claim that he misunderstood the plea terms when the agreement was made. Nor does he claim that the plea agreement terms are ambiguous. Ordinarily, then, when a contract is unambiguous, our function is "to enforce the contract as made." *Lauck Oil Co. v. Breitenbach*, 20 Kan. App. 2d 877, 879, 893 P.2d 286 (1995).

The contract "as made" here included the failure-to-appear provision Moyer now wishes to avoid. This provision, duly agreed upon by the parties, created a condition precedent to the State's obligation to request probation. Our court has explained that "[c]onditions precedent to performance under an existing contract arise from the terms of a valid contract and define an event that must occur before a right or obligation matures under the contract." *M West, Inc. v. Oak Park Mall*, 44 Kan. App. 2d 35, 47, 234 P.3d 833 (2010).

5

The failure-to-appear provision required Moyer to do only what the law and his bond conditions required: not violate any laws, comply with his drug treatment program, submit to random urinalysis testing, and appear in court whenever his case was scheduled. Had he complied with these conditions precedent he could have forced even an otherwise reluctant State to recommend probation. See *Urista*, 296 Kan. at 583-84. However, Moyer failed to satisfy the conditions precedent that would have bound the State to perform its conditional obligation to recommend probation. Because of Moyer's failures, the agreement itself freed the State from that conditional obligation. The parties expressly provided for each of these contingencies, *i.e.*, that Moyer would comply or he would not, in their agreement. The fact that Moyer failed to take advantage of a contingency that was beneficial to him does not vitiate his plea agreement. The parties also contemplated in the failure-to-appear provision the contingency that manifested. Thus, the contract itself permitted the State to oppose probation and recommend imprisonment.

Here the district court correctly construed the agreement according to its provisions. Because of Moyer's failures, the agreement permitted the State to make any suggestion it chose to make regarding probation or prison at sentencing. The occurrence of a contingency contemplated by the parties in their contract does not make the contract void or voidable simply because the contingency operates to a party's detriment. Moyer's postplea misconduct does not vitiate this unambiguous, mutually bargained-for plea agreement. The district court did not base its decision on an error of law and, therefore, did not abuse its discretion when it denied Moyer's motion to withdraw his plea.

Affirmed.