(899 P.2d 1068)

No. 71,864
No. 71,865
No. 71,866

STATE OF KANSAS, *Appellee*, v. NATHAN D. MARSHALL, *Appellant*.

Opinion filed July 21, 1995.

*Thomas Jacquinot*, special appellate defender, and *Steven R. Zinn*, deputy appellate defender, for the appellant.

*Doyle Baker*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before LARSON, P.J., BRAZIL and PIERRON, JJ.

PIERRON, J.: Nathan Marshall appeals the sentence imposed following revocation of his probation. He alleges the district court abused its discretion by failing to consider statutory sentencing factors and by subsequently refusing to modify his sentence. Marshall also claims that the State violated the plea agreement by failing to recommend concurrent sentences.

In August and September 1991, Marshall was charged with the following:

Case No. 91 CR 1358: possession of cocaine, possession of marijuana;

Case No. 91 CR 1508: possession of cocaine, possession of marijuana, making a false writing, driving while license canceled, suspended or revoked; and

Case No. 91 CR 1535: possession of cocaine, possession of marijuana.

The cases were consolidated at the trial court level.

Marshall agreed to plead guilty to possession of cocaine in each case. In return, the State agreed to recommend that the sentences for the lesser crimes in each case run concurrent with the sentences for possession of cocaine. The State also agreed to recommend that the sentence for possession of cocaine should be the minimum of 3 to 10 years in each case. Finally, the State promised to recommend that the sentences in cases 91 CR 1358 and 91 CR 1508 should run concurrent with each other but consecutive to the sentence imposed in case 91 CR 1535, resulting in a controlling sentence of 6 to 20 years.

Marshall pled guilty to all counts in each case. The State asked the court to follow the terms of the plea bargain. On March 18, 1992, the court suspended imposition of sentence and placed Marshall on probation for three years.

On July 20, 1993, Marshall admitted violating the conditions of his probation by failing to report to his probation officer and failing to attend AA meetings. Marshall's attorney requested placement in community corrections or reinstatement of probation. In the

alternative, Marshall's attorney asked the court to impose concurrent sentences in cases 91 CR 1358 and 91 CR 1508 and a consecutive sentence in case 91 CR 1535. Marshall's attorney requested the bargained-for sentences but did not expressly refer to the plea agreement. The State made the following statement:

"State's position is that this defendant stands before you having three convictions for drug-related offenses, all of them felonies and he was given a great opportunity to go on probation and he's not lived up to his end of the bargain.

"Right now we have the convictions—we have the admission that the probation was violated. It's the State's recommendation that further testing should be necessary and that the Court should impose sentence against the defendant and order him up to Topeka to do S.R.D.C. report and then we can review that and see if possibly Community Corrections would be appropriate at that time."

In each case, the court imposed the minimum sentence of 3 to 10 years for cocaine possession and ran the sentences concurrent with the sentences for the lesser offenses within each case. However, the court ordered the three possession of cocaine sentences to each run consecutive to one another, resulting in a controlling term of 9 to 30 years.

Marshall filed a motion to modify his sentence, which the court denied without a hearing.

Marshall argues that the court abused its discretion by sentencing him without considering the statutory factors enumerated in K.S.A. 21-4601 and K.S.A. 21-4606. The State contends that *State v. Castoreno*, 255 Kan. 401, 874 P.2d 1173 (1994), precludes Marshall from raising this issue on appeal. In *Castoreno*, the Kansas Supreme Court held that "[t]he district court's failure to consider the factors set out in K.S.A. 21-4606(2) at the time of sentencing is waived by the defendant if not subsequently raised in the motion or hearing to modify sentence." 255 Kan. 401, Syl. ¶ 5.

In the present case, Marshall did not raise the issue in his written motion to modify sentence, and no hearing on the motion was held. Although Marshall could conceivably have raised the issue in a written brief or memorandum supporting his motion, no such document appears in the record on appeal. Accordingly, it seems that the rule established in *Castoreno* prevents consideration of this issue.

Marshall next contends the court abused its discretion by denying his motion for sentence modification. Marshall lists this as an issue in his brief but does not provide any substantive discussion of his claim. "Any point specified on appeal which is neither argued nor briefed is deemed to have been abandoned." *State v. Mims*, 222 Kan. 335, Syl. ¶ 6, 564 P.2d 531 (1977). See also *Brubaker v. Branine*, 237 Kan. 488, 490, 701 P.2d 929 (1985) (holding that where issue only incidentally mentioned in appellate brief, it is not argued and is deemed abandoned). Accordingly, this court need not address the issue.

Before turning to the merits of Marshall's claims involving his plea agreement, it should be noted that Marshall did not raise these issues at the district court level. He did not object at sentencing to what he now argues was the State's failure to abide by the plea agreement, and he did not raise the issue in his motion to modify sentence or in any other motion.

As a general rule, "[a] defendant cannot raise points on appeal which were not presented to the trial court. [Citation omitted.]" *State v. Johnson*, 253 Kan. 75, 91, 853 P.2d 34 (1993). However, the appellate court has the power to hear new issues where consideration is necessary to serve the interests of justice or to prevent the denial of fundamental rights. See *State v. Clemons*, 251 Kan. 473, 483, 836 P.2d 1147 (1992). The Kansas Supreme Court has recognized that a defendant's due process rights are involved in a challenge to the State's failure to abide by a plea agreement. See *State v. Wills*, 244 Kan. 62, 67-68, 765 P.2d 1114 (1988) (citing *Santobello v. New York*, 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 [1971], and *Mabry v. Johnson*, 467 U.S. 504, 81 L. Ed. 2d 437, 104 S. Ct. 2543 [1984]). Accordingly, consideration of Marshall's claims on appeal is proper.

Marshall argues that the State breached the plea agreement by failing to recommend the bargained-for terms at sentencing. The State contends it was not bound by the plea agreement because Marshall's subsequent violation of his probation constituted a change in circumstances sufficient to excuse the State from the plea bargain.

The applicable standard of review was established in *State v. Wills*, 244 Kan. 62. *Wills* addressed whether the State was bound by a plea agreement at post-sentence modification hearings. In addressing this issue, the Kansas Supreme Court conducted a de novo review of the terms of the plea agreement and the applicable law. The standard of review in this case is controlled by *Wills* because this case involves an interpretation of the terms of a plea agreement and whether the State is bound by that plea agreement at sentencing following a violation of probation. Therefore, the standard of review in this case is de novo.

Marshall cites *State v. Wills* for his contention that the State was bound to follow the plea agreement at his sentencing. In *Wills*, the State followed the plea agreement at sentencing but did not abide by the plea agreement at a subsequent hearing on a motion to modify sentence. 244 Kan. at 63. The court noted that a plea agreement is subject to the same legal principles as a commercial contract; however, once the defendant enters a guilty plea, due process requires the State to perform as it promised. Further, the court stated that "a plea agreement which is silent as to post-sentence hearings is ambiguous" and that any ambiguity in a plea agreement should be strictly construed against the State because the State controls the plea agreement process. 244 Kan. at 68-69. The court concluded that, absent a provision within the plea agreement limiting the State's promises to the sentencing hearing only, a "defendant would reasonably expect the State to be bound by its promise at *all hearings which affect the determination of his sentence*." (Emphasis added.) 244 Kan. at 69. The Kansas Supreme Court held that a State's promise to make a favorable sentence recommendation, not specifically limited to the sentencing hearing, binds the State at a subsequent hearing on a defendant's motion to modify sentence. 244 Kan. at 69-70.

Following *Wills*, *State v. Hill*, 247 Kan. 377, 384, 799 P.2d 997 (1990), noted that where a plea agreement does not specify whether the State is bound by its agreement at post-sentencing proceedings, "the State is continuously bound by the promise in the plea agreement."

The State believes we should distinguish *Wills* on the grounds that the present case involves a sentencing following a revocation of probation, while *Wills* involved a post-sentence motion to modify hearing. The State argues that, because Marshall violated his probation, the circumstances surrounding the original agreement have changed and thus the agreement no longer binds the State. The State cites 21 Am. Jur. 2d, Criminal Law § 485, p. 795, which provides:

"A plea of guilty based upon a promise of prosecuting officials to recommend a specific sentence, which promise is intentionally or unintentionally breached by the promisor, should be set aside. However, an implied condition exists that circumstances surrounding the bargain will remain substantially the same; a subsequent change is sufficient to relieve the state of its obligation."

A case cited in support of this statement is *State v. Pascall*, 49 Ohio App. 2d 18, 358 N.E.2d 1368 (1972). In *Pascall*, the prosecutor promised to recommend probation in exchange for the defendant's guilty plea to burglary. In the interim between the entry of his plea and sentencing, the defendant was tried and convicted of armed robbery and burglary. When the defendant appeared in court for sentencing on both convictions, the State failed to recommend probation for the burglary conviction. The Court of Appeals of Ohio held that the prosecutor's promise was rendered unfulfillable by the change in circumstances and that fundamental fairness released the State from its promise. See *People v. Jones*, 128 Cal. App. 3d 253, 180 Cal. Rptr. 228 (1982); *State v. Windom*, 169 Wis. 2d 341, 485 N.W.2d 832 (1992).

Mindful of these cases and their rationale, we agree with the State's contention that Marshall's post-plea behavior excused it from following the plea agreement.

Marshall argues that the State failed to keep its promise to recommend two concurrent sentences. The State contends it did not breach the plea agreement and did in fact recommend concurrent sentences. Due to our findings concerning defendant's post-plea behavior, we need not reach this issue.

Affirmed.