NOT DESIGNATED FOR PUBLICATION

No. 117,091

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHELSEA A. ROGERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed February 23, 2018. Affirmed in part and dismissed in part.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER, J., and BURGESS, S.J.

PER CURIAM:  Chelsea A. Rogers appeals her sentence following her no-contest plea to one count of abuse of a child. She claims the district court erred in releasing the State from its obligation under the plea agreement when she originally failed to appear at sentencing because, according to Rogers, the failure-to-appear clause in her plea agreement was unconscionable. She also claims the district court failed to properly consider making border box findings under K.S.A. 2017 Supp. 21-6804(q) when it imposed her sentence. For the reasons stated herein, we reject Rogers' claims.

1

On November 13, 2014, Rogers became frustrated with her five-month-old child when he would not calm down. She placed him in his swing, but when he still would not calm down after approximately 15 minutes, she took him out of his swing "real fast." Rogers then bounced him on her knee harder than normal because she was frustrated. She estimated on a scale from 1 to 10, the amount of force she used was an 8. For several days after this incident, the infant was "not acting himself" and had been vomiting. Rogers took the child to the hospital where a CT scan was done. This test showed the child had a subdural hematoma. The doctor who examined the child believed he was a victim of child abuse and that he had been shaken. Rogers acknowledged using "too much force" on the child, and she knew she was wrong. Nevertheless, she said it was an accident and she did not mean to hurt her child.

On November 25, 2014, the State charged Rogers with one count of abuse of a child, a severity level 5 person felony. The district court appointed an attorney for Rogers that same day. On January 2, 2015, Rogers' bond was reduced from $50,000, and she was released on her own recognizance; she was to be supervised by Pretrial Services, she was not to use alcohol or drugs, and she was to comply with all orders in two other cases.

Rogers signed a limited waiver/authorization for personal presence at pretrial matters, waiving her right to be present in person. This document stated, in part, "I understand I must personally be present when my attorney requires it and/or when my case is assigned out for preliminary hearing, for trial, for plea, and for sentencing." The limited waiver also stated, "I agree to be present in person as required by the Court or my attorney for trial or other proceeding[s]. My failure to appear when required by the Court will result in forfeiture of my bond and/or additional charges." Rogers also agreed to keep her contact information up to date with her attorney.

On April 1, 2015, Rogers waived her preliminary hearing and the district court found probable cause to believe she committed the offense of abuse of a child. She

entered a plea of not guilty and requested a jury trial. On September 14, 2015, Rogers waived her right to a jury trial and requested a bench trial, which was scheduled for October 7, 2015. Between October 7 and December 2, 2015, the bench trial was continued five times at the defendant's request.

Rogers ultimately signed a plea agreement with the State on January 13, 2016. In the plea agreement, Rogers acknowledged that the sentencing judge was not bound to follow the plea agreement and that the judge could impose any lawful sentence. The plea agreement also disclosed that Rogers' case was a presumptive prison case, and Rogers understood that "appellate courts generally will not entertain an appeal from . . . a presumptive sentence, or . . . the denial of a departure motion." The plea agreement specified that Rogers was free to argue for any lawful sentence. The agreement also specified that the "State will stand silent at sentencing, except to correct factual misstatements. The State is not agreeing to recommend probation at the time of sentencing." Finally, the agreement contained the following language:

> "The State will not be bound by this recommendation and may make any other sentencing recommendation it deems appropriate, including incarceration, in the event the defendant is arrested, commits a new offense, violates bond conditions *or fails to appear for a court appearance at any time prior to sentencing*." (Emphasis added.)

At the plea hearing on January 13, 2016, the State read into the record the conditions specified in the agreement. Rogers told the judge that she and her attorney had meetings on two separate occasions to study the plea agreement and she had no questions about the agreement. The district court informed Rogers that her sentence could range from 31 months to 136 months in the Department of Corrections. After receiving a factual basis for the plea, the district court found Rogers guilty of one count of abuse of a child and ordered a presentence investigation (PSI) report for sentencing. The district court indicated that sentencing would be before a different judge; however, the court did

not set a specific date for sentencing. The court told Rogers that she needed to stay in touch with her attorney as he would provide her with the date and time of her sentencing.

On April 18, 2016, Rogers' bond was revoked and a warrant was issued for her arrest for failing to abide by the conditions of the Pretrial Services program. The affidavit supporting the warrant alleged that Rogers had failed to report to Pretrial Services as directed. The affidavit further stated that all efforts to contact Rogers had failed and her whereabouts were unknown.

The district court convened Rogers' sentencing on May 5, 2016; however, Rogers was not present. Her attorney stated he had not had any recent contact with Rogers:

> "[T]his was set over from a previous sentencing hearing to allow Ms. Rogers to get an evaluation done. An appointment was made, which she missed. And, I understand Pretrial is looking for her as well. I sent her a letter, tried to phone call her, and even sent her an email. None of them were returned, so I guess we can assume she got them but has chosen not to make contact, and she does not appear today."

The district court ordered a bond forfeiture and a bench warrant for Rogers for her failure to appear at sentencing. Rogers was ultimately taken into custody on October 14, 2016. The district court subsequently scheduled her sentencing for November 16, 2016.

At the sentencing hearing on November 16, 2016, the PSI report indicated that Rogers' criminal history score was an I with the sentence range of 34/32/31 months in prison. The report indicated that Rogers' case was a "border box" case. The district court asked the State for a sentencing recommendation. The State replied that because Rogers failed to appear for sentencing in May, it was requesting to be released from its obligations under the plea agreement: "specifically the requirement to stand silent." Rogers did not object to the State's request to be released from the plea agreement. After consulting with the plea agreement, the district court noted the failure to appear clause,

and found that Rogers' failure to appear for her previous sentencing hearing "satisfies the conditions the parties contemplated in that paragraph." The district court released the State from any promise to stand silent at sentencing, and the court told the prosecutor, "You're free to recommend whatever you want."

The State recommended imprisonment and, given the degree of harm to the child, requested the aggravated term of 34 months in prison. Defense counsel requested the district court to consider making border box findings. Defense counsel listed several reasons for this request, such as Rogers having no prior criminal history and the opportunity for her to seek treatment services. Defense counsel referenced a forensic psychological evaluation, conducted on November 4, 2016, and summarized its findings that "a non-prison sanction would serve community safety interests if [Rogers] is to take advantage of them." Given the opportunity to speak, Rogers admitted she was not being the parent she could be and spoke of her older daughter. Rogers told the district court she was capable of doing better but needed the right guidance and support.

After hearing the recommendations, the district court specifically addressed defense counsel's request for border box findings and went through the evaluation report. The district court noted that the recommendations in the report were contingent on Rogers' willingness to participate in treatment efforts. The district court expressed doubts about Rogers' ability to participate in treatment efforts in light of the fact that she had failed to appear for sentencing. The district court summed up its comments by stating, "So, I don't think I have enough here to make border box findings." The district court sentenced Rogers to 34 months' imprisonment and denied her request for probation, which constituted the presumptive sentence for her crime of conviction. Rogers timely filed a notice of appeal as to her sentence.

5

## WAS THE FAILURE TO APPEAR CLAUSE IN ROGERS'
## PLEA AGREEMENT UNCONSCIONABLE?

Rogers claims for the first time on appeal that the failure to appear clause in her plea agreement was unconscionable, so the district court erred in releasing the State from its obligation to stand silent at her sentencing hearing. Rogers acknowledges that she did not raise this issue before the district court. In fact, when the State asked the district court to be released from the plea agreement at the sentencing hearing, Rogers made no objection to the request. The State argues that this issue is not properly preserved for appeal. In the alternative, the State argues that the terms of the plea agreement were not unconscionable and the district court did not err in releasing the State from its obligations under the plea agreement when Rogers originally failed to appear for sentencing.

Generally, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). There are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including the following:  (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the district court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Rogers suggests that this issue can be raised for the first time on appeal because it is necessary to serve the ends of justice or to prevent the denial of a fundamental right. She contends her case is analogous to *State v. Meyer*, 51 Kan. App. 2d 1066, 360 P.3d 467 (2015), where this court considered for the first time on appeal the issue of the State's violation of a plea agreement to prevent the denial of the defendant's fundamental rights. But here, the State did not breach the plea agreement; rather, the district court released

6

the State from the plea agreement when Rogers failed to appear for sentencing. Rogers' argument on appeal is that the plea agreement was unconscionable, so *Meyer* is not helpful to her claim that the issue should be considered for the first time on appeal.

Other than referring to *Meyer*, Rogers does not explain why the consideration of her issue is necessary to serve the ends of justice or to prevent a denial of fundamental rights. Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Our Supreme Court has stated that Rule 6.02(a)(5) should be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). Without deciding whether Rogers has properly preserved this issue for appeal—and while making it clear that we are not setting precedent for future cases—we will address the merits of Rogers' claim.

Rogers claims that the clause in her plea agreement that released the State from its obligations under the plea agreement if she failed to appear at future court hearings was unconscionable. Whether a plea agreement contains unconscionable terms is a question of law over which appellate courts have unlimited review. See *State v. Urista*, 296 Kan. 576, 583, 293 P.3d 738 (2013) (plea agreements are generally subject to contract principles); *State ex rel. Stovall v. DVM Enterprises, Inc.*, 275 Kan. 243, Syl. ¶ 1, 62 P.3d 653 (2003) (whether a contract contains unconscionable terms is a question of law subject to unlimited review). A plea agreement is subject to the same legal principles as any other contract. *State v. Marshall*, 21 Kan. App. 2d 332, 336, 899 P.2d 1068 (1995).

Rogers notes 10 factors used to determine whether a contract is unconscionable and highlights as relevant:  boilerplate language; the circumstances surrounding the execution of the contract; an overall imbalance in rights and obligations; and an inequality of bargaining power. Rogers' main argument is that the failure to appear clause was unconscionable because she did not negotiate for the clause in her plea agreement.

Although fundamental contract principles generally are the best means for enforcing a plea agreement, the courts must be mindful that plea bargaining may require a different analysis in some circumstances. *Urista*, 296 Kan. at 583. Rogers fails to acknowledge that she was represented by counsel throughout her case, including her plea; she does not claim she was denied the right to negotiate regarding the failure to appear clause; and she could have refused to enter a plea and forced the State to prove the charge against her beyond a reasonable doubt at trial. A contract is not unconscionable solely because of a bad bargain, or even uneven bargaining power. See *Wille v. Southwestern Bell Tel. Co.*, 219 Kan. 755, 759-60, 549 P.2d 903 (1976).

The State observes that it was Rogers, not the State, who determined whether it would be held to the promise of standing silent at her sentencing hearing. Further, the State points out that defendants in felony cases are required by statute to be present at sentencing, so making the State's obligation to stand silent contingent on Rogers' presence was not bad faith by the State. See K.S.A. 2017 Supp. 22-3405(a).

Persuasively, this court has previously found that a failure-to-appear clause in a plea agreement was not unconscionable in *State v. Bell*, No. 111,063, 2015 WL 1123022, *3 (Kan. App. 2015) (unpublished opinion), *rev. denied* 302 Kan. 1012. The material facts of *Bell* are analogous here, and the court in that case rejected many of the same arguments Rogers is making herein. Ultimately, the *Bell* court determined that there was nothing unconscionable about requiring a defendant to appear for future hearings in exchange for receiving the benefit of a plea agreement. 2015 WL 1123022, at *5.

The record in Rogers' case is clear:  She entered into a plea agreement with the State that indicated that the State would not be bound by its commitment to stand silent at sentencing if Rogers failed to appear for any future court hearings. Rogers failed to appear at her required appointments with Pretrial Services and at her original sentencing hearing. A bench warrant was issued for Rogers' arrest and her whereabouts were

unknown for five months. At the subsequent sentencing hearing, the State requested from the district court to be released from its commitment to stand silent, and the district court granted the State's request without objection from Rogers. There was nothing unconscionable about requiring Rogers to appear at future hearings in exchange for receiving the benefit of her plea agreement. Accordingly, we conclude the district court did not err in releasing the State from its obligations under the plea agreement.

DID THE DISTRICT COURT ERR IN FAILING TO MAKE BORDER BOX FINDINGS?

Rogers contends that her sentence is illegal because the district court declined to make border box findings under K.S.A. 2017 Supp. 21-6804(q) when requested to do so. The State contends that this court lacks jurisdiction to review a sentence within the presumptive sentencing range for Rogers' crime of conviction. Interpretation of a sentencing statute is a question of law, and the standard of review is unlimited. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

The State's argument is persuasive. Under the Kansas Sentencing Guidelines Act, appellate courts lack jurisdiction to consider appeals from presumptive sentences. See K.S.A. 2017 Supp. 21-6820(c)(1); *State v. Grebe,* 46 Kan. App. 2d 741, 745, 264 P.3d 511 (2011), *rev. denied* 294 Kan. 945 (2012). In particular, this court has held that a district court's failure to make border box findings is not subject to appeal provided that the district court imposes a presumptive sentence under the guidelines. See *State v. Whitlock*, 36 Kan. App. 2d 556, Syl. ¶ 3, 142 P.3d 334, *rev. denied* 282 Kan. 796 (2006). Here, Rogers was convicted of abuse of a child and she received the presumptive sentence of 34 months' imprisonment. We lack jurisdiction to address Rogers' claim on appeal that the district court erred in failing to make border box findings to place her on probation.

Affirmed in part and dismissed in part.