NOT DESIGNATED FOR PUBLICATION

No. 116,962

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LAWRENCE M. MCDONAGH II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed March 30, 2018. Affirmed.

*Lawrence M. McDonagh II*, appellant pro se.

*Joan Lowdon*, deputy county attorney, *Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., PIERRON and POWELL, JJ.

PER CURIAM: Lawrence M. McDonagh II appeals from the district court's denial of his request for specific performance of a plea agreement. Based on our review of the record on appeal, we find nothing in McDonagh's request to suggest that the State failed to perform in accordance with the plea agreement. Moreover, even if we were to treat McDonagh's request for specific performance as a motion to withdraw plea, we find that this issue is barred because it was untimely filed. Thus, we affirm.

1

FACTS

The factual background of this case was set forth McDonagh's direct criminal appeal, as follows:

"On May 7, 2012, the State filed a complaint against McDonagh, charging him with three counts of eavesdropping for hiding video cameras in his trailer to secretly record underage girls in the nude. Upon further investigation, it was revealed that McDonagh, the manager of the 'Paradise Trailer Park,' had extensive files on his computers containing sexually explicit images of underage girls who were residents of the trailer park. McDonagh admitted that he stored images and videos of the underage girls on his computer; he admitted that he had child pornography on his computer; and he admitted that he had hidden cameras in his bathroom.

"Significantly, McDonagh also admitted that two years earlier he had used his phone to record a video of a naked 13-year-old girl masturbating with a sex toy on his bed. He also admitted to touching the 13-year-old girl's breast and vagina—a girl that he knew had been molested before. In addition, McDonagh admitted to touching the breasts of other underage girls that resided in the trailer park.

"During interviews, several underage girls said that McDonagh frequently had sleepovers at his residence and that he would touch their breasts and occasionally expose his penis. He gave the girls cell phones, dresses, laptops, clothes, and makeup; he took them shopping, out to dinner for their birthdays, and he let them swim in his pool. He even paid bills for their families. In order to secretly videotape the girls, he provided them with keys to his house so that they could use his shower.

"Ultimately, McDonagh was charged with 11 counts in an amended complaint. As the result of a plea agreement, however, McDonagh pleaded no contest to five counts of aggravated indecent liberties with four different underage girls. At sentencing, McDonagh argued for a durational departure, claiming that his acceptance of responsibility for his actions and the fact that his prior felony convictions were over 25 years old amounted to substantial and compelling reasons to depart. He also argued that the statutorily mandated sentences—life without parole eligibility for 25 years—were

2

cruel and unusual punishment under § 9 of the Kansas Constitution Bill of Rights and the Eighth Amendment to the United States Constitution.

"The district court denied McDonagh's departure motion and found that the statutory sentences did not constitute cruel and unusual punishment. The district court then sentenced McDonagh to concurrent sentences. Specifically, he received four life sentences without parole eligibility for 25 years for aggravated indecent liberties with children under 14 years old and one sentence of 154 months for aggravated indecent liberties with a child over 14 years old." *State v. McDonagh*, No. 109,320, 2014 WL 642174, at *1 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1050 (2015).

On direct appeal, McDonagh argued that the district court erred when it failed to depart during sentencing and that his sentence amounted to cruel and unusual punishment. *McDonagh*, 2014 WL 642174, at *1. He did not raise any issue relating to the validity of his plea, and there is nothing in the record that McDonagh ever sought to withdraw his plea either before or after sentencing. After reviewing the record on appeal, this court affirmed McDonagh's convictions and sentence. *McDonagh*, 2014 WL 642174, at *5-6. The Kansas Supreme Court subsequently denied McDonagh's petition for review. 301 Kan. 1050. Thereafter, this court issued a mandate on January 20, 2015.

On July 29, 2016, more than a year and a half after this court issued the mandate in his direct appeal, McDonagh filed a document with the district court entitled request for specific performance on the plea agreement. In this document, McDonagh asserted that the State failed to allege sufficient facts at his plea hearing to support his guilt on the five counts of aggravated indecent liberties with four different underage girls to which he pled no contest. Specifically, he argued that the State failed to demonstrate that he acted with the specific "intent to arouse" himself or the victims.

The State filed a response on August 8, 2016. In its response, the State pointed out that there is no allegation that it ever violated the material terms of the plea agreement.

3

The State also argued that it offered sufficient factual allegations at the plea hearing upon which a reasonable finder of fact could find McDonagh guilty of five counts of aggravated indecent liberties with children beyond a reasonable doubt. On September 1, 2016, the district court summarily denied McDonagh's motion. Among other reasons, the district court noted that McDonagh was barred from making this claim since he filed his request more than a year after this court issued the mandate in his direct appeal. Furthermore, the district court also found that the State had offered sufficient factual allegations at the plea hearing to support McDonagh's convictions.

On September 12, 2016, McDonagh filed this timely appeal.

ANALYSIS

On appeal, McDonagh contends that the district court erred by dismissing his request for specific performance of his plea agreement. He argues that the State failed to offer sufficient factual allegations at his plea hearing to support the "intent to arouse" element of his aggravated indecent liberties convictions. McDonagh seeks to have his convictions vacated. Moreover, he seeks to have the State barred from trying him again for the same charges should his convictions be vacated. In response, the State argues that McDonagh waived any argument about his plea as he failed to raise the issue in his direct appeal. Furthermore, the State contends that it provided a sufficient assertion of fact during the plea hearing to support McDonagh's conviction.

Whether the State was bound by a plea agreement is a matter of law which we review de novo. *State v. Marshall*, 21 Kan. App. 2d 332, 336, 899 P.2d 1068, *rev. denied* 258 Kan. 861 (1995). A plea agreement is subject to the same legal principles as any other contract. 21 Kan. App. 2d at 336. When a plea agreement rests in significant part on a promise by the State to act or not act in a certain way, such that the State's promise may

4

be considered part of the consideration for the agreement, violation of that promise denies the defendant due process. *State v. Urista*, 296 Kan. 576, 583, 293 P.3d 738 (2013).

Here, we find nothing in McDonagh's request to suggest that the State failed to perform in accordance with the plea agreement. Moreover, there is nothing in the request to suggest that McDonagh involuntarily entered into the plea agreement or that he was somehow misled in order to pressure him to enter into the agreement. Thus, the district court did not err in summarily dismissing McDonagh's request for specific performance of the plea agreement.

The result would be the same even if we were to construe McDonagh's request as a postsentencing motion to withdraw his plea. Subject to certain exceptions, we only have jurisdiction to entertain an appeal if it is brought in the manner prescribed by Kansas statutes. See *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). K.S.A. 2016 Supp. 22-3210(e)(1) provides that a motion to withdraw a plea after sentencing must be filed within 1 year of either:

> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States Supreme Court or issuance of such court's final order following the granting of such petition."

See *State v. Moses*, 296 Kan. 1126, 1127-28, 297 P.3d 1174 (2013).

This 1-year time limitation may be extended only "upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2017 Supp. 22-3210(e)(2). Where a defendant makes no attempt at an affirmative showing of excusable neglect, we must find the motion untimely and procedurally barred. See *State v. Williams*, 303 Kan. 605, 608, 366 P.3d 1101 (2016). Ignorance of the statute's existence or other assertions of

5

ignorance of the law do not constitute excusable neglect under K.S.A. 2016 Supp. 22-3210(e)(2). See *State v. Davisson*, 303 Kan. 1062, 1070, 370 P.3d 423 (2016).

As noted above, this court issued a mandate in McDonagh's direct appeal on January 20, 2015. However, he waited more than 18 months to file his request challenging his plea. In McDonagh's request, he made no argument about the timeliness of his motion and he did not argue excusable neglect. Likewise, he fails to address timeliness or excusable neglect on appeal. Accordingly, as the district court found, McDonagh's request was barred for being untimely filed.

Affirmed.