NOT DESIGNATED FOR PUBLICATION

No. 124,312

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM DARNAIL MATHENIA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed August 19, 2022. Affirmed in part and dismissed in part.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Claiming that it was the victim's fault that he violated a no-contact order and thus committed a new crime while he was awaiting sentencing, William Darnail Mathenia asks us to vacate his sentence and direct the State to honor its original plea agreement or allow him to withdraw his guilty pleas. We will do neither. Because Mathenia is serving a presumptive guideline sentence, we cannot review it. And because he has not shown us why he failed to raise his claim to the sentencing court that the State violated their plea agreement, we will not review that issue for the first time on appeal. We dismiss that portion of his appeal. All other issues are affirmed.

1

*Mathenia is charged and restrained by court order from having any contact with two people.*

In one complaint, the State charged Mathenia with two counts of criminal threat, two counts of stalking, and one count of domestic battery. At his first appearance on the charges, he was told that the district court signed a protective order restraining him from having any contact with the victims, T.M. and G.M.

Later, Mathenia pled guilty to two counts of criminal threat and two counts of stalking. In exchange for his pleas, the State agreed to dismiss the charge of domestic battery and to recommend a dispositional departure to probation. The parties agreed to recommend that Mathenia be sentenced to the high number in the grid box on the four counts and that his sentences would be consecutive. The agreement also said that the State would not be bound by the agreement if Mathenia was arrested, committed a new offense, or violated his bond conditions.

A short time after entering the plea, Mathenia contacted T.M., who had appeared at the plea hearing with her boyfriend. In an email, Mathenia told T.M. that "he can have your nasty ass," and also told her to "stop poking the bear." Because of this contact, the State later moved to suspend Mathenia's communication privileges at the jail. In the motion, the Stated noted that Mathenia had contacted T.M. via email and phone many times since the protective order was put into place. The State alleged that Mathenia had emailed T.M. at least 7 times since entering his plea and at least 16 times prior to his plea date.

After that, Mathenia pled guilty to a misdemeanor violation of a protective order in another case. By pleading guilty in this new case, Mathenia specifically acknowledged that the State was no longer bound under the original plea agreement here.

2

*The sentencing court imposed presumptive guideline sentences.*

Before sentencing, Mathenia asked the court to depart from the sentencing guidelines. He argued that substantial and compelling reasons existed for a dispositional departure to probation and durational departure to less than the guidelines sentence. He suggested that:

(1) the victim was upset with the plea deal and appeared in the courtroom to intentionally upset Mathenia, which led to his subsequent contact with the victim;

(2) by pleading guilty, he saved the State, the community, and the court from the time and expense of conducting a trial; and

(3) his only person felony dated back to 1988.

At his sentencing hearing, Mathenia argued that the victim was intentionally pushing his buttons to get him to violate the terms of his bond. And Mathenia noted that several of the convictions in his criminal history—including his only felony conviction—occurred long ago. Mathenia asked the court to follow the terms of the original plea agreement.

In contrast, the prosecutor asked the court to impose a total sentence of 30 months in prison. The State noted that Mathenia pled guilty to a new crime—violating a protective order while he was awaiting sentence in this case. Although the State acknowledged that the original plea agreement called for a recommendation of probation, the prosecutor told the court that Mathenia had breached the plea agreement by violating the condition of no contact with the victim.

We note that at the hearing, Mathenia did not claim that the State was bound under the plea agreement, nor did he object to the State's sentencing recommendations.

3

The court denied Mathenia's motion to depart and sentenced him to the low sentence on each count, for a controlling term of 25 months in prison.

*We lack jurisdiction to review Mathenia's sentences.*

Mathenia argues that the district court abused its discretion in denying his motion for a downward sentencing departure. The State asserts that Mathenia failed to adequately brief this issue and further notes that appellate courts lack jurisdiction to review a presumptive sentence.

The revised Kansas Sentencing Guidelines Act, K.S.A. 2020 Supp. 21-6801 et seq., defines the scope of appellate jurisdiction over a defendant's challenge to their sentence. Specifically, K.S.A. 2020 Supp. 21-6820(c)(1) provides that an appellate court shall not review on appeal a sentence for a felony committed after July 1, 1993, that is "within the presumptive sentence for the crime."

A presumptive sentence is defined in the Act as a sentence within the range as established in the sentencing grid, factoring in both the severity level for the crime of conviction and the defendant's criminal history score. K.S.A. 2020 Supp. 21-6803(q). Mathenia moved to depart from the guidelines, the motion was denied, and the court imposed presumptive guideline sentences on all four counts. See K.S.A. 2020 Supp. 21-6804.

Our Supreme Court has stated that when a district court denies a motion to depart and imposes the presumptive sentence, the appellate courts lack jurisdiction to review the sentence. *State v. Farmer*, 312 Kan. 761, 764, 480 P.3d 155 (2021). Because we lack jurisdiction to review a presumptive sentence and Mathenia presents no exceptions which would allow for appellate review, we dismiss this portion of his appeal.

*Under these circumstances, we find no violation of Mathenia's due process rights by the State.*

Mathenia contends that the State violated his due process rights by breaching their plea agreement which required the State to recommend that the district court grant Mathenia's motion to depart and place him on probation. The State responds that it did not violate the plea agreement because Mathenia broke the conditions of his bond by contacting the victim and committing a new crime.

Mathenia does not dispute that he violated the conditions of his bond and committed a new crime by contacting the victim after his plea hearing. He blames the victim. He suggests that he should be excused for his actions because the victim tried "to goad him into some action that would result in him being sent to prison." Before sentencing, Mathenia violated the bond conditions and committed a new crime. Under the explicit terms of the plea agreement, the State was not bound to make the agreed-upon sentencing recommendation of a dispositional departure to probation. We see no due process violation under these circumstances.

Mathenia cites *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971), in support of his claim that the original plea agreement should be enforced or that he should be allowed to withdraw his plea. In *Santobello*, the defendant agreed with the prosecutor to plead to a lesser charge in exchange for an agreement that the prosecutor would make no sentencing recommendation, but the sentencing judge was not aware of this. At sentencing, a different prosecutor appeared and argued for the maximum sentence in violation of the previous agreement. In that case, the United States Supreme Court held that was impermissible and remanded the matter for either specific performance of the plea or to permit the defendant to withdraw his plea. 404 U.S. at 263.

The facts are far different here. In this case, the plea agreement contained a specific provision that the State was not bound by the sentencing recommendations "in the event defendant is arrested, commits a new offense, violates bond conditions or fails to appear for a court appearance at any time after the entry of the plea agreement and the time of sentence being imposed."

A plea agreement, like any other contract, depends on the expectation that both parties will honor its terms. *State v. Boley*, 279 Kan. 989, 992, 113 P.3d 248 (2005). At times, a defendant's post-plea actions may relieve the State of its obligations under the plea agreement. See *State v. Marshall*, 21 Kan. App. 2d 332, 337, 899 P.2d 1068 (1995) (post-plea behavior including probation violations may excuse the State from following the terms of a plea agreement); *State v. Richmond*, 21 Kan. App. 2d 126, 132, 896 P.2d 1112 (1995) (State not held to the terms of the plea agreement after the defendant violated the terms of his suspended sentence, broke the law by possessing cocaine, and failed to pay his fines as stated in the plea agreement).

We see no reason to reverse the sentencing court's denial of Mathenia's motion to enforce the plea agreement. Therefore, we affirm.

We have no jurisdiction to review Mathenia's sentence. We thus dismiss that portion of the appeal.

Affirmed in part and dismissed in part.