NOT DESIGNATED FOR PUBLICATION

No. 127,643

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERRY L. BATTS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed March 27, 2026. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

PICKERING, J.:  Jerry L. Batts appeals a district court's consecutive sentencing order. Batts argues the State failed to prove he violated his bond conditions, a condition precedent of the parties' plea agreement, and thus the State was bound by the plea agreement to recommend concurrent sentences. Our review of the record, however, shows Batts violated his bond, thereby relieving the State of its sentencing recommendation obligation. Finding no error by the district court, we affirm.

1

In November 2019, Batts and Sierra J. Frost stole merchandise from a Walmart in Wichita. Batts and Frost exited the Walmart at a rapid pace and quickly placed the stolen items into a vehicle. The two drove away in the vehicle with Batts driving. Batts sped away from the parking lot and struck another vehicle. This vehicle accident caused the death of Frost and her unborn fetus. At the hospital, Batts submitted to a drug test that tested positive for THC and minimal amounts of fentanyl.

In March 2022, the State charged Batts with one count of murder in the second degree or, in the alternative, involuntary manslaughter and murder in the second degree or, in the alternative, involuntary manslaughter for the deaths of Frost and her unborn fetus. The State and Batts agreed to a plea agreement where Batts would plead no contest to two counts of involuntary manslaughter. In return, the State would dismiss the charges of reckless second-degree murder, recommend the middle number in the Kansas Sentencing Guidelines grid box, and recommend the sentences to run concurrent, conditioned on Batts' compliance with bond conditions, the law, and appearance in court. The plea agreement expressly stated:

> "The State will not be bound by this recommendation and may make any other sentencing recommendation it deems appropriate, including incarceration, in the event the defendant is arrested, commits a new offense, violates bond conditions, fails to appear for a court appearance at any time after the entry of the plea agreement and the time of sentence being imposed, or if the Defendant later moves to withdraw his plea."

The district court allowed Batts to be placed on bond at all times before sentencing. Batts' bond required him to wear a Secure Continuous Remote Alcohol Monitoring (SCRAM) device and refrain from possessing or consuming drugs or alcohol. After the plea was entered but before Batts' sentencing hearing, the SCRAM device

2

reported three uses of alcohol on July 10, 20, and 26 of 2023. A pro tem judge revoked Batts' bond in July 2023.

At the August 21, 2023 sentencing hearing, the State asked the district court judge to relieve the State of its obligations under the plea agreement because of Batts' alleged bond violations. The court asked for Batts' response to the request. Batts argued the sufficiency of the evidence and noted that no one witnessed Batts using alcohol; no follow-up procedures were taken, such as a lab test; and the fact that machines make mistakes.

Unpersuaded by Batts' response, the district court released the State from its obligations under the plea agreement based on the State's evidence, namely the warrant and affidavit, which were based on the SCRAM's indications. Batts never asked for an evidentiary hearing to determine whether he violated his bond conditions and only suggested that the machine may have erred. Batts did not object to the district court's finding to relieve the State of its obligations.

During allocution, Batts claimed that he had been sober for most of his probation with only one violation when he first "bonded out in this case." Batts told the district court that he believed the alcohol monitor malfunctioned. The State recommended a sentence of 50 months on count 2 and 41 months on count 4, the sentence agreed upon in the plea agreement, except that it asked the district court to run the sentences consecutive. The court followed the State's recommendation, ran the sentences consecutive, and imposed 91 months' imprisonment. The court found that substance abuse played a role in Batts' conviction and his overall criminal history.

3

*Preservation*

We may address for the first time on appeal whether the State breached a plea agreement if addressing the issue serves the ends of justice or prevents a denial of fundamental rights. *State v. Chetwood*, 38 Kan. App. 2d 620, Syl. ¶ 4, 170 P.3d 436 (2007). A defendant may appeal from the State's failure to honor a plea agreement, even if the district court imposed a guidelines sentence. See *State v. Jones*, 302 Kan. 111, 114, 351 P.3d 1228 (2015). Here, Batts appeals from the State's failure to recommend concurrent sentences, not the district court's imposition of guidelines sentences. During sentencing, the State requested it be released from its obligations under the plea agreement based on Batts' failure to abide by all the bond conditions. Batts objected, asserting he had not violated any conditions. This issue is preserved for appeal.

*Standard of Review*

The State's breach of a plea agreement presents a question of law over which we have unlimited review. 302 Kan. at 116.

*The State Did Not Breach the Plea Agreement*

A plea agreement is subject to general contract principles, and application of fundamental contract principles, with consideration of constitutional implications, is the best method to enforce the agreement. *State v. Urista*, 296 Kan. 576, 583, 293 P.3d 738 (2013). Both parties are bound to the terms of the plea agreement and must abide by the agreement's terms. *State v. Copes*, 290 Kan. 209, 214, 224 P.3d 571 (2010).

Batts and the State entered into a valid plea agreement. The terms outlined conditions for each party's performance, with Batts required to comply with bond conditions, appear in court, and refrain from being arrested or committing a new offense. The agreement required the State to dismiss the charges of reckless second-degree murder and recommend Batts' sentences run concurrent so long as Batts fulfilled his obligations.

Batts' obligation to comply with bond was a condition precedent. "A condition precedent is something that it is agreed must happen or be performed before a right can accrue to enforce the main contract." *Wallerius v. Hare*, 194 Kan. 408, 412, 399 P.2d 543 (1965). For a contract to be enforced, the condition precedent must be performed. 194 Kan. at 412. Before the State was required to perform the recommendations at sentencing, Batts was required to comply with his bond conditions to receive the right to enforce the plea agreement.

A violation of a condition precedent can relieve the State of its obligations under the plea agreement. See *State v. Burnup*, No. 122,361, 2022 WL 1908040, at *4 (Kan. App. 2022) (unpublished opinion). Even if the condition precedent did not exist here, the State was relieved from its obligations when Batts violated his bond conditions. A change in circumstances can release the State from its obligations to fulfill promises within a plea agreement. *State v. Marshall*, 21 Kan. App. 2d 332, 337, 899 P.2d 1068 (1995); see *State v. Bell*, 65 Kan. App. 2d 160, 172-74, 561 P.3d 562 (2024) (construing plea agreement in favor of Bell because of agreement's silence on what would happen in event of bond violation and finding two positive drug tests did not constitute material change in circumstances when State did not ask district court to make such findings).

In *State v. Callaway*, No. 88,850, 2003 WL 21947602, at *2 (Kan. App. 2003) (unpublished opinion), Callaway argued that the State breached a plea agreement when the State did not remain silent at sentencing during Callaway's motion for downward

departure. The State argued it was relieved from its obligations under the agreement because Callaway was arrested for new crimes while on bond. The panel held that allegations of crimes committed are insufficient to relieve the State from its obligations until the defendant "had been adjudicated to the [defendant's] detriment." 2003 WL 21947602, at *3.

"[R]evocation of a presentencing appearance bond requires some form of constitutional due process," which may include a hearing following revocation based on issuance of an arrest warrant. *State v. Rodriguez*, No. 122,290, 2021 WL 936046, at *3 (Kan. App. 2021) (unpublished opinion). In *Rodriguez*, at a sentencing hearing Rodriguez admitted to bond violations but argued on appeal that the State violated the terms of the plea agreement when the State did not recommend a reduction in sentence. The plea agreement between the State and Rodriguez reserved to the State the right to seek a different sentence if Rodriguez violated the terms of the bond. The district court did not hold an evidentiary hearing for the State to prove the bond violations, but the panel found this did not matter because the defendant had admitted to committing the violations. 2021 WL 936046, at *3.

Here, the State explained why it should be relieved of its obligations under the plea agreement. The State advised the court that Batts "was found to violate the conditions of his bond and pretrial supervision in particular due to a result on his SCRAM, or alcohol monitoring device, indicating the use of alcohol while on bond post plea." In response, Batts acknowledged that "the alcohol use was detected through his SCRAM monitor," but then pointed out that no one witnessed Batts using alcohol; no follow-up procedures were taken, such as a lab test; and machines make mistakes.

The district court made a determination that Batts violated the conditions of bond:

> "Well, based upon the evidence in the warrant and the affidavit, I am going to find that Mr. Batts has violated the terms of his Plea Agreement by using alcohol as stated. It looks like that was on three occasions, July 10th, July 20th and July 26th, between, it looks like, 10:00 in the morning and 3:30 in the afternoon on those three incidents. So I am going to release the State from its obligation under the Plea Agreement."

As the district court's ruling indicates, the State had shown that Batts had violated conditions of his bond through prohibited alcohol use. Thus, the district court properly found that the State was relieved from its obligations when Batts did not comply with his bond conditions.

Affirmed.